## Burleson v. Henderson.

---

## [49] BURLESON V. HENDERSON.

Were there no statutory provision requiring the parties to be named in the writ, the omission of one or more of the defendants, under such circumstances as to preclude the probability of the defendants being misled, would not be a fatal defect.

The proper construction of the ninth and tenth sections of the act to regulate proceedings in the District Courts is that where there are several defendants, the names of all must be stated in the citation, which is required to be issued to each of the defendants. (Note 10.)

Where the service of the citation appears from the record to be defective, it is not incumbent on the defendant to appear and make the objection in the court below; but the same may, if he do not appear, be taken advantage of by writ of error. (Note 11.)

### REHEARING.

It has been the practice in this State for parties who may consider themselves aggrieved to prosecute appeals or writs of error either in the names of all or in their own separately, if the others refuse to join, without the delay or the formalities of summons and severance; and there appears no sufficient reason for a change, especially where the rule to be substituted is obnoxious to the objections of delay, circuity, and expense, with nearly, if not entirely, the same ultimate effects of the present rule. (Note 12.)

It appears to be the more convenient rule that where a judgment is entire, where the judgments are not distinct and independent, or where the parties have not distinct and independent interests, and where the judgment operates to the prejudice of all the defendants, a reversal as to one shall operate a reversal as to the whole; and this may be regarded as the general rule, subject to such modifications as may meet the justice of the case under review, and which may be in harmony with our system of procedure or with the rules of practice as recognized in either the common-law or equity jurisdiction. (Note 13.)

Error from Travis. Suit by Henderson, Governor, for the use of the State, against Nicholas Boyer, David Holduman, and Edward Burleson, upon a bond conditioned for the payment, by Boyer, to the collector of customs for the district of Galveston, &c. A citation was issued to each defendant. requiring him "to be and appear before the honorable the District Court, to be held in and "for the county of [50] Travis, on the second Monday after the first Monday "in March next, to answer the petition of James P. Henderson, Governor, "exhibited against him, a copy of which accompanies this writ," &c. No appearance for either of the defendants. Judgment by default against all. Writ of error by Burleson alone. Error assigned, that the citation which was served on the plaintiff in error described the petition as exhibited against him alone, whereas the petition in this case appeared to be exhibited against him and two others.

Hamilton, for plaintiff in error. There was no notice to Burleson or either of the other defendants of the pendency of the suit of the Governor, for the use of the State, against them jointly, and upon which judgment was obtained. The writs were notice to them respectively that there was a suit instituted by the State against him upon whom it was served. The District Court act of 1846, section 9, requires the clerk, when a petition is filed, "to issue a writ or cita-

25

Burleson v. Henderson.

" tion, directed to the sheriff or other proper officer of the county or counties
" in which the petition alleges the defendant or defendants are, requiring him
" to summon the defendant or defendants to appear at the proper term of the
" court, then and there to answer *the plaintiff's petition,* a certified copy of
" which shall accompany each writ or citation," &c.

This contemplates that the writ or citation shall either fully advise the party
of the *particular* suit instituted against him, or shall be attached to a copy of
the petition in such way that there could be no probability of a mistake. If
the original writ is relied on as full evidence, in connection with the officer's
return upon it, then it (the writ) *must show* that the party was notified of the
*particular* suit; and if the copy of the petition served upon the party is relied
upon as notice of the particular suit, then the sheriff's return upon the original
petition, or in some other form equally certain, must show that it was a copy
of the petition upon which judgment is sought. (1 Cow. R., 37.)

[51] It cannot be said that the parties were not misled by the notices served;
for it is impossible for this court to know that suits were not instituted against
each of the parties separately, by the Governor of the State, upon the same
cause of action mentioned in the petition in the same transcript or upon a dif-
ferent one; to which suits, according to the notice in the record, they may
have responded. If the notices are such as might have misled the parties, they
are bad. (4 Cow. R., 60; 1 Pet. R., 683.)

The fact of notices to each of the defendants appearing in the record can-
not aid the defect. The sufficiency of the notice, to bind the parties, must
appear from the *separate* writs served upon them, and not from an *inference*
drawn from the fact of the writs in the transcript being directed one to each
of the parties against whom the petition was filed. There are writs, it is true,
to each of the defendants; but each describes a different suit, neither of them
being the one upon which judgment is rendered.

*Webb,* for defendant in error. The record shows that the plaintiff in error,
Burleson, was served with the writ and copy of the petition. The copy of the
petition gave him full notice of the nature of the suit he was called upon to an-
swer. The writ is in the very terms of the statute, which states, "If there be
"more than one defendant, the clerk shall issue a citation to *each,* accompanied
"with a copy of the petition." (Acts of 1846, p. 336, sec. 9.)

HEMPHILL, CH. J.  The ground assigned for the reversal of the judgment
rendered by default against the plaintiff in error and two others is the want of
legal notice to this defendant in the court below of the pendency of the suit.

A citation was issued to each of the defendants, and by one of these the
plaintiff in error was summoned to answer the petition of defendant here (who
was plaintiff in the court below) exhibited against him, the two other defend-
ants not being named in the citation. A copy of the petition [52] served with
the writ showed the suit was instituted against others as well as himself. The
9th section of the act to regulate proceedings in the District Courts (Laws of
1846, p. 366) requires the clerk to issue a writ or citation to each defendant; and
the 10th section, among other requisites, declares that the writ " shall state the
" names of the parties to the suit."

Were there no statutory provisions requiring the parties to be named in the
writ, the omission of one or more of the defendants, under such circumstances
as to preclude the probability of the defendants being misled as to the pendency
of a particular suit or proceeding, would not be a fatal defect. If he have
notice of the action and of the time and place to set up his defense, the purposes
of justice would be defeated by suffering an irregularity, which could not ope-
rate injuriously to the party, to paralyze further proceedings in the cause.

In the case of Alexander *et al. v.* Brown (1 Pet. R., 684) the notice stated
the bond to be taken by virtue of an execution issued against William B.
Alexander, whereas it was issued in fact against William B. and Richard B.
Alexander. It was admitted that the bond was taken on this execution, and

## Burleson v. Henderson.

that this was the only execution in which the said William B. Alexander was a party. The notice was held sufficient, on the ground that the party could not mistake the case on which the motion was to be made. The appellant refers to the case, and attempts to show that the principle governing that decision is not applicable to the cause under review. That the bond sued on here is joint and several, and the recital of the petition being exhibited against the defendant alone, would most likely mislead him, and induce the belief that a separate action had been instituted, and to which he was cited to respond.

Without inquiring whether the argument is well founded, or whether the citation, irrespective of the statute, would, under the circumstances of this case, be fatally defective, it is sufficient to say that the statute requires the parties to be [so] named in the writ; and this provision being disregarded, the citation cannot be sustained. The defect might have been cured had the defendant appeared and pleaded to the suit; but having failed to do so, he was not properly before the court, and the judgment is unauthorized, and must be reversed. (2 Tex. R., 422.)

It is ordered that the judgment be reversed as to the plaintiff in error; that the citation be set aside, and that such further proceedings be had in the cause as may to law and justice appertain.

### REHEARING.

HEMPHILL, C. J. A rehearing having been granted in this case, the defendant in error urges that the writ should be dismissed, on the ground that but one of the defendants against whom judgment was recovered has sued out the writ; and if the application to dismiss fail, that the judgment of the court be so reformed as to operate an entire reversal of the judgment below, as well in favor of the other defendants as of the one who has prosecuted the writ of error. These grounds were not taken or argued at the hearing; but as they are important and have been presented in other cases, it is deemed proper to take them into consideration.

The judgment against the plaintiff in error and two others was founded on a contract, and it is contended that this court had not jurisdiction to hear the cause unless all the parties in the court below were before it.

It seems, according to the authorities, to be a settled principle at common law that a writ of error must be brought in the name of all the parties against whom the judgment is given. (2 Saunders, 101 [f;] Cro. Eliz., 648, 649; Id., 892; 1 Ld. Raym. R., 328; 1 Str. R., 233, 234, 606; 1 Wils. R., 88; 3 Burr. R., 1792; 6 N. Ham. R., 546; 11 Mass. R., 384; 2 Bibb. R., 392; 2 Kelly R., 287, 408, 439; Minor R., 275; 1 Port. R., 277.)

[54] This is the rule as to the suing out writs of error, and it might easily be supposed that if it be necessary to bring the suit in the names of all, its subsequent prosecution by all would be deemed equally essential; but it seems otherwise. For though the writ be taken out by the real plaintiff in error in the names of all, yet if the other defendants are willing to abide by the judgment, whether because they are in interest of the plaintiff or desire to be exempted from the damages and costs of an affirmance, as from any other reason, they refuse to appear and assign errors, they may be summoned and severed, and the judgment that one alone may prosecute the writ which is brought jointly in the names of all. (Cro. Eliz., 892; 1 Str. R., 234; 2 Saunders, 101 [f;] 6 N. Ham. R., 546; 11 Mass. R., 384; 2 Arch. Prac., 232, 233; 1 Da. R., 366; 2 Bibb. R., 392; Minor R., 183.)

So far, then, there appears to be no substantial difference between bringing up a writ of error in the name of one of the parties and in the names of all. If it be brought in the names of all it cannot be thus prosecuted, unless all be willing to join in the assignment of errors; and if they refuse, the parties who wish to prosecute the appellate proceeding can do so by summoning the others and being severed from them. If a writ of error can be prosecuted by a less number than the whole of the parties against whom judgment has been recovered, it seems rather idle that this liberty cannot be obtained until the writ is

Burleson v. Henderson.

brought and some of the parties refuse to assign errors. If one can prosecute the writ after summons and severance, why not before? One of the grounds why the writ must be brought in the names of all the parties is that the writ may agree with the record. But this is disregarded when one party alone is permitted to conduct the prosecution; and if it cease to operate after summons and severance, it may well be disregarded in a system of procedure where summons and severance are unknown, and which permits parties to institute proceedings separately, if by law they may afterwards conduct the proceedings in their separate capacity.

[55] Another reason for suing out a writ in the names of all the parties is that if one alone be permitted to bring his writ, every defendant may sue out a writ and the plaintiff be unreasonably delayed. (3 Burr. R., 1792, and the authorities before cited.) This is an admirable reason, and possibly the rules of procedure should be so framed as to compel all parties to unite in an appeal or writ of error, or to abide the judgment of the court, where the appeal is prosecuted by others. But if, after summons and severance, one of the defendants alone be permitted to prosecute the writ, the rule either fails, and each party may prosecute his own writ, or if the rule be made effectual, it is not on the ground that all join, for a severance has taken place. If there be an affirmance, and that concludes all the defendants, or if a reversal operate to the benefit of all, these results depend in no degree on the fact that the writ was originally in the names of all the parties; for a severance had been made, and the proceeding was conducted to judgment by some of the defendants only.

Another reason for the rule that the parties must join in the writ is that the judgment is entire and cannot be reversed as to one and affirmed as to the others. (6 N. Ham. R., 547.) This reason also fails. The rule seems to be well settled that if a judgment be reversed as to one, it is so as to all. (Cro. Jac., 303.) And after summons and severance it can be reversed as to all, at the instance of one who prosecutes, just as effectually as if all the parties had united in the prosecution of the appellate proceeding. The reasons for the writ being taken in the names of all the parties lose their force when we consider that it is but a matter of form, as the writ may be afterwards prosecuted by some of the defendants only, and with some of the most important results which would have proceeded from a prosecution conducted in the names of all. (2. Str. R., 234.)

It has been the practice in this State for parties who may consider themselves aggrieved to prosecute appeals or writs or error either in the names of all or in their own separately, [56] if the others refuse to join, without the delay or the formalities of summons and severance; and there appears no sufficient reason for a change, especially where the rule to be substituted is obnoxious to the objections of delay, circuity, and expense, with nearly, if not entirely, the same ultimate effects of the present rule.

We proceed next to examine the grounds for the reformation of the judgment, so that the reversal may extend to all the defendants and not to the plaintiff in error alone. We have adverted to the general rule that, a judgment being an entire thing, a reversal as to one of the defendants operates a reversal as to the whole, although it may be erroneous as to one alone. (Cro. Jac., 289; 2 Arch. Prac., 259.) This rule is subject, however, to several exceptions; as where there be more than one judgment, and they are distinct and independent of each other, the reversal of one will not affect the other. (2 Str. R., 807; 2 Bac. Abr., ERROR, m. p.; 2 Arch. Prac., 259.) Or if there be but one judgment, and it consists of distinct and independent parts, it may be reversed as to one part and be good for the remainder. (2 Arch. Prac., 259; 4 Burr. R., 2010; 6 Tex. R., 200.)

Before proceeding to apply these rules to the case under consideration, we will advert to the doctrines or practice of equitable jurisprudence as to the parties by whom an appeal may be taken, and its legal effects when decided; and it will be seen that they differ widely from the rules governing writs of error at common law.

## Burleson v. Henderson.

Mr. Daniel, in his treatise on Chancery Practice, thus expresses the rules as deduced from the authorities: "In the case of a rehearing or appeal, all parties "interested in supporting the decree or order appealed from are entitled to be "heard; but no party except the appellant can be heard in support of the ap-"peal. If, therefore, any party who is not included as a copetitioner in a "petition of rehearing is desirous of appealing, he must present a separate "petition; otherwise he will be precluded from all benefit of the appeal, [57] "even though the result of it should be to show that the decree was completely "wrong, as well against him as against the appellant." Thus, where a bill was dismissed on the appeal of one defendant, on grounds equally applicable to other defendants, who did not join in the appeal, it was held that the latter could have no benefit of the order, although it rendered the decree useless; and the author cites Cooper's Reports, 255. In 2 Smith's Chan. Prac., p. 30, the rule is stated to the same effect. No party except the appellant can be heard in support of the appeal; others in the same interest must either appeal themselves or leave their case, so far as it accords with the appeal, to be sustained by the appellant's counsel.

In 1 Da. R., 366, it is said that all against whom a judgment is rendered must unite in a writ of error to reverse it; and if any of them desire to be exonerated from costs and damages incident to an affirmance, they may have a severance. But any one of several against whom a joint decree is rendered may appeal, and by his appeal bond become responsible for the whole decree, and take it all up by his appeal.

Where a party is aggrieved by a branch of a decree affecting his interests, he may appeal from that portion of the decree, but will have no right to question another portion which has no bearing on his interests. (11 Wend. R., 227; 2 Leigh R., 84.)

It must be recollected that writs of error and appeals are employed indiscriminately in our practice to bring up causes for revision, whether they belong to the common law or the chancery jurisdiction; and it appears from the authorities that the rules for bringing up causes for revision in equity are the reverse of those at law. In the latter all parties must join in the writ, on the various grounds which have been previously stated, and if a severance takes place, and judgment be reversed at the instance of one, it shall inure to the benefit of all defendants; but in the former every party aggrieved may prosecute his appeal separately, and its benefits will result, at least directly, to the appellant only.

[58] The statutory provisions regulating the right of appeal declare that any party to a civil suit, believing himself aggrieved by any final judgment or decree of the District Court, may appeal, &c., (Acts of 1848, p. 111,) and that the clerks of the several District Courts shall grant writs of error upon any final judgment, order, or decree rendered in their court upon the petition of any party interested. (Acts of 1846, p. 400.)

It appears from these provisions that any party considering himself aggrieved by a final judgment may prosecute his appeal or writ of error. But it may be contended that this does not change the rule at common law; that by the latter every party dissatisfied with a judgment might bring his writ of error, though this were required to be in the name of the parties. This would be a plausible construction were not appellate process from decrees in equity as well as judgments at law regulated by the same provision, and were not the rules as to the parties in whose names the appeal must be brought essentially different in one jurisdiction from those of the other.

Where the judgment is an entire thing, as, for instance, where it is on a joint obligation, it would doubtless be extremely convenient were all the parties to join or be compelled to abide by the result of the appeal. But this reason of convenience does not pervade, at least entirely, our system of procedure. By the 45th section of the act to regulate proceedings in the District Courts, (Acts of 1846, p. 374,) the plaintiff is authorized to discontinue as to defendants not served; but the defendants as to whom there is discontinuance are not exon-

Burleson v. Henderson.

erated from liability, but may be proceeded against as though no such suit had been brought and no such discontinuance entered as to such defendants. If, for instance, the plaintiff in error had not been served with process, the suit might have been discontinued as to him, and judgment recovered against the others; and if he had been afterwards sued, the judgment would have been entered against him alone, though on a joint contract; or we may suppose it to [59] be on a joint contract with others. The provision authorizes, in effect, separate judgments where the contract may be entire ; and where judgment to be recovered in one of the suits against some of the defendants, and in the second suit there be judgment for the defendants, yet both would stand. The exemption of the parties in the latter from obligation would not affect the liability of the parties under the first judgment. This would remain valid, and could be enforced by the process of the law.

It is plain, then, that though it may be convenient to have but one judgment on a joint contract, yet there may be several, and against separate parties and distinct, and the reverse of each other; nor does the rule that a judgment is an entire thing, and cannot therefore be reversed as to one and affirmed as to the other, hold universally. Where one of the defendants against whom judgment has been obtained releases error, the others may prosecute the writ ; and though the judgment be erroneous, it will be affirmed as to the one who released and reversed as to the others. (Cro. Jac., 117 ; Cro. Eliz., 648, 649.) It appears, then, possible that a judgment, though entire, may be so parceled out as to be affirmed against one and reversed as to the others.

There appears, upon the whole, to be some difficulty in establishing any general rule as to the effect of a reversal of a judgment, where the appeal or writ of error is sued out by only a part of the defendants. It seems unfair that those who refuse to unite in the prosecution of an appeal should be exonerated from the costs and damages of an affirmance, and yet have the benefit of a reversal of the judgment. There would be no injustice in compelling the performance of a judgment by those who do not complain and will neither yield assistance nor countenance in an attempt to procure its reversal. But notwithstanding these considerations, it appears to be the more convenient rule that where a judgment is entire, where the judgments are not distinct and independent, or where the parties have not distinct and independent [60] interests, (6 N. H. R., 547 ; 10 Mass. R., 68,) and where the judgment operates to the prejudice of all the defendants, a reversal as to one shall operate a reversal as to the whole ; and this may be regarded as the general rule, subject to such modifications as may meet the justice of a case under review, and which may be in harmony with our system of procedure or with the rules of practice as recognized in either the common-law or equity jurisdiction. This rule is commended to our sanction from its convenience, and not because it has the conclusive force of law. The statute has not provided for the case. The rule of practice in chancery as to this particular matter is the reverse of that at law ; and the incongruity of having a judgment reversed as to one and permitting it to stand as to the others is not more palpable than in cases of two judgments under the operation of the 45th section of the act to regulate proceedings, &c., although the contract may be joint, and although it may well happen that the judgments may be the reverse of each other. But the rule would be convenient in practice ; and in conformity therewith it is ordered that the judgment entered in this case be set aside, and that judgment be reversed as to all the parties, and that the citation as to all the defendants be set aside, and the cause be remanded for further proceedings.

The proper position, chronologically, of the opinion on the rehearing would have been next after Howard and Wife v. North, decided at this term,—REP.

NOTE 10.—Little v. Matler, 8 T., 107. Where there are several defendants, the correct practice is to issue one original citation containing the names of all the defendants, a copy of which must be served upon each defendant. (Anderson v. Brown, 16 T., 554; Covingtons v Burleson, 28 T., 368; Battle v. Eddy, 31 T., 368; Rodgers v. Green, 33 T., 661; Portwood v. Wilburn, 33 T., 713; Crosby v. Lum, 35 T., 41; Bendy v. Boyce, 37 T., 443.)

NOTE 11.—Norvell v. Garthwaite, 25 T., 583; Covingtons v. Burleson, 28 T., 368; Haley v. Greenwood, 28 T., 680; Willis v. Bryan, 33.T., 429.
NOTE 12.—Summerlin v. Reeves, 29 T., 85.
NOTE 13.—Wood v. Smith, 11 T., 367; Willie v. Thomas, 22 T., 175; Dickson v. Burke, 28 T., 117.

