### TURNER v. STEPHENS.

(Court of Civil Appeals of Texas. Austin. April 2, 1913.)

1. ANIMALS (§ 44*)—WRONGFUL KILLING OF DOGS—ISSUES—EVIDENCE—ADMISSIBILITY.

A defendant in an action for the wrongful killing of dogs of plaintiff may show on the issue of exemplary damages that shortly before the killing he had found his sheep killed by dogs, though he relies alone on a general denial.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 115–122; Dec. Dig. § 44.*]

2. ANIMALS (§ 44*)—WRONGFUL KILLING—INCONSISTENT INSTRUCTIONS.

An instruction in an action for the wrongful killing of dogs directing a verdict for plaintiff for the amount of the value of the dogs as shown by the evidence, and an instruction that a person may protect his property against any unlawful attack by any vicious animal, and if defendant believed that the dogs had killed his sheep, and the dogs were killed in his inclosure, the verdict must be for him, are inconsistent and erroneous.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 115–122; Dec. Dig. § 44.*]

3. TRIAL (§ 251*)—ISSUES—INSTRUCTIONS.

The court may not charge on a matter outside of the issues raised by the pleadings, and on which a verdict may be rendered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. ANIMALS (§ 44*)—WRONGFUL KILLING OF DOGS—ISSUES.

A defendant in an action for the wrongful killing of dogs who relies alone on a general denial may not excuse or justify the killing; and to show excuse or justification he must plead it.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 115–122; Dec. Dig. § 44.*]

Appeal from Concho County Court; C. F. Cottrell, Judge.

Action by J. T. Turner against J. M. Stephens. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

A. G. Walker, of Brady, for appellant.

RICE, J. On the 15th of January, 1912, appellant, Turner, owned two well-trained dogs, which were shown by the evidence to have been killed by appellee's son in accordance with his, appellee's, directions. It appears that a short while before these dogs were killed 18 head of appellee's sheep had been killed, presumably by dogs, though it does not affirmatively appear that these dogs had anything to do with said killing. After said sheep were killed, appellee instructed his son to set his traps in the pasture nearby the place of the killing for the purpose of catching whatever may have killed them. In a day or two thereafter his son found two dogs caught in his traps, which he reported late in the evening to his father, who directed him to kill them next morning, which he did. These dogs were afterwards seen and identified by appellant as his. This suit was brought by appellant against appellee to recover damages, both actual and exemplary, for said killing. Appellee answered by general exception and general denial. A jury trial resulted in a verdict and judgment in behalf of defendant, from which this appeal is prosecuted.

[1] The first assignment complains of the action of the court in permitting appellee to testify over appellant's objection that the week before his son had killed the dogs he found 18 head of his sheep dead in his pasture, which appeared to have been killed by dogs, on the ground that appellee had not pleaded any justification or excuse for killing same. It is true that evidence going to show such excuse or justification cannot be offered in defense for recovery of actual damages, but only on the issue of exemplary damages under a general denial. See Towner v. Sayre, 4 Tex. 30; Sasser v. Davis, 27 Tex. 659; G., H. & S. A. Ry. Co. v. Henry & Dilley, 65 Tex. 688; Mims v. Mitchell, 1 Tex. 443; Coles v. Kelsey, 2 Tex. 542, 47 Am. Dec. 661. So that the evidence was admissible under the pleading on the issue of exemplary damages.

It is said in 8 Cyc. p. 563, that "a plea in confession and avoidance is one which avows and confesses the truth of the averments of the fact in the declaration, either expressly or by implication, but then proceeds to allege new matter which tends to deprive the facts admitted of their ordinary legal effect, or to obviate, neutralize, or avoid them."

[2] At the instance of appellant the jury were instructed, in effect, to return a verdict for him against defendant for such amount as actual damages as the dogs were shown to be worth under the evidence; and likewise the court gave, at the instance of appellee, an instruction to the effect that a person has the right to protect his property against any unlawful attack made by any person or by any vicious animal, and that if they

---

should believe that appellee killed the dogs, but further believed that they had been destroying his sheep, and that the dogs at the time they were killed were caught in his inclosure, then to return a verdict in favor of defendant. · This last charge is made the basis of the second assignment, on the ground that it should not have been given for the reason that it was contradictory of the first charge, and was not authorized by the pleadings or the evidence, and in our judgment must be sustained for both of said reasons. Where contradictory charges are given on a material issue, the rule is to reverse the case, unless it is shown that no prejudice has resulted therefrom. See San Antonio & Aransas Pass Ry. Co. v. Robinson, 73 Tex. 284, 11 S. W. 327.

[3] It is not permissible for the court to charge on a matter outside of the case as made by the pleadings and upon which the verdict might have been rendered. See H. & T. V. Ry. Co. v. Terry, 42 Tex. 455; Loving v. Dixson, 56 Tex. 79; Markham v. Carothers, 47 Tex. 22.

[4] In the present case, appellee relied alone upon a general denial; therefore no evidence tending to show excuse or justification was proper, and, in the absence of such plea, such evidence, if offered, could not support a finding in his favor. And, since it is clear that the jury must have based their verdict upon such theory, such charge was prejudicial and necessitates a reversal. It is therefore ordered that the judgment of the court below be reversed, and the cause remanded.

Reversed and remanded.