JOHN L. HIGDON V. SHELTON MOTOR COMPANY, INCORPORATED.

No. 7775. Decided December 31, 1941.
(157 S. W., 2d Series, 627.)

*Scarborough & Fly*, of Abilene, for plaintiff in error.

In sustaining a general demurrer every reasonable intendment will be in favor of the sufficiency of the pleading. Hill v. Preston, 119 Texas 522, 34 S. W. (2d) 780; Robinson v. Davenport, 40 Texas 334; 33 Tex. Jur., 630.

*Davidson, McMahon & Smart*, of Abilene, for defendant in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The material question to be determined in this case is whether the plaintiff's petition was subject to a general demurrer. The material part of the petition is as follows:

## "II.

"That the defendant employed plaintiff to work for defendant as a salesman, the contract beginning January 24, 1938, and continuing to September 3, 1938, at which time the contract was terminated by the defendant; that plaintiff was employed as a salesman with the agreement that the defendant would guarantee to plaintiff a salary of as much as $150.00 per month. Defendant paid plaintiff a commission on the cars sold, and the commission on the cars sold has not amounted to the sum of $150.00 per month, but has amounted to only $726.41 for all the time plaintiff was employed; that the defendant is due plaintiff on the guaranteed amount the sum of $1,050.00, leaving a balance unpaid of $323.59, for which amount plaintiff here sues the defendant.

## "III.

"Plaintiff would further represent that he has requested the defendant to pay said amount due, but the defendant has failed and refused to pay the same or any part thereof, except the amount herein stated, to the plaintiff's damage in the sum of $323.59."

The defendant directed a general demurrer to the petition, which demurrer was overruled. No special exceptions were filed. Trial before a jury resulted in a judgment for the plaintiff. The Court of Civil Appeals reversed the judgment and remanded the cause for a new trial. 140 S. W. (2d) 905.

The Court of Civil Appeals in holding that the petition was insufficient as against a general demurred said:

"Rule 17 has not infrequently been construed, not only inconsistent with Rule 2, but to the effect that upon general exceptions ambiguities in a pleading are to be resolved in favor of the sufficiency of the pleading. If such construction be correct, and, at the same time, not in conflict with the statutes, then it abrogates the common law rule that pleadings are to be construed most strongly against the pleader. But it has many times been declared by the courts of this state that, notwithstanding Rule 17, specific allegations in a pleading are to be construed most strongly against the pleader."

■ The Court of Civil Appeals was in error in applying the rule so announced by it to the facts of this case. It has been held many times in this State that in passing on the sufficiency

of a petition as against a general demurrer, the pleading will be construed as favorably to the pleader as possible, and every reasonable intendment will be indulged in favor of the sufficiency of the petition. 33 Tex. Jur. 628; Walters v. Great National Life Ins. Co., 132 Texas 454, 124 S. W. (2d) 850; Garza v. Kenedy (Com. App.), 299 S. W. 231, par. 6; Greene v. Condor Petroleum Co., 135 Tex. 215, 140 S. W. (2d) 844; Morton v. Burton-Lingo Co., 136 Texas 263, 150 S. W. (2d) 239; Mansell v. Texas & Pacific Ry. Co., 135 Texas 31, 137 S. W. (2d) 997; Sanderson v. Sanderson, 130 Texas 264, 109 S. W. (2d) 744.

In the case of Walters v. Great National Life Insurance Company, supra, this Court recently said:

"It is provided by Rule 17 for district and county courts that in passing upon a general demurrer every reasonable intendment arising upon the pleading excepted to will be indulged in favor of its sufficiency. Pursuant to this rule, it is held that the court is authorized to sustain a petition as good against the general demurrer when essential facts may fairly be inferred from the facts alleged; and it is further held that a pleading containing allegations in the nature of conclusions of the pleader from facts not revealed, and on that account subject to special exception, is not fatally defective when tested by general demurrer."

In the case of Garza v. Kenedy, supra, it was said:

"In testing the sufficiency of a petition by a general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed 'conclusions of the pleader,' drawn from facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer."

Tested by the rule herein announced, the petition here under consideration is good against a general demurrer. Any person desiring to ascertain the meaning of the language embodied in the petition could reasonably infer therefrom that the plaintiff was contending, and that he would contend upon the trial of the case, that he had entered into a contract of employment with the defendant by which the defendant employed him as a salesman to sell cars, with the agreement that the defendant would guarantee to plaintiff a salary of as much as $150.00 a

month; that the contract began on January 24, 1938, and continued to September 3, 1938, when the defendant terminated the contract; that the plaintiff was employed or engaged in selling cars for defendant during said time; that the defendant had paid the plaintiff in part for his services for the time he was employed; that the amount which the defendant guaranteed to pay plaintiff for such service was $1,050.00; that the defendant had paid the plaintiff for his services only the sum of $726.41, leaving a balance unpaid of $323.59; that he had demanded payment of the balance, but the defendant had refused to pay same; and that the plaintiff was suing the defendant and desired a judgment against him for the balance of $323.59. This was sufficient as against a general demurrer.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered December 31, 1941.