## ODOM v. PINKSTON.

### No. 9553.

Court of Civil Appeals of Texas. Austin.

April 3, 1946.

Rehearing Denied April 17, 1946.

Chaney & Davenport, by F. B. Davenport, all of Dallas, for appellant.

Jack Pinkston, of Dallas, appearing for himself.

BLAIR, Justice.

The parties will be designated as in the trial court.

Plaintiff, Jack Pinkston dba Transportation Insurance Agency, sued defendant, L. A. Odom, upon "a promissory note and/or written instrument," and on June 25, 1945, recovered a default judgment in the sum of $700.18, with 10% interest per annum thereon. On November 1, 1945, defendant filed this appeal by writ of error from said judgment.

The note' sued upon was offered in evidence, and reads as follows:

"Transportation Insurance Agency

"Transportation Insurance Specialists

"Installment Premium Agreement

"$471.50 Stanton, Texas, Dec. 3rd, 1940.

"As hereinafter provided, without grace, for value received, I, we, or either of us, promise to pay to the order of Transportation Insurance Agency, at its office in Dallas, Texas, or to its assigns, the sum of Four Hundred Seventy-one & 50/100 Dollars

"1. $111.50 due Dec. 3rd, 1940
"2. $36.00 due Jan. 3rd, 1941
"3. $36.00 due Feb. 3rd, 1941
"4. $36.00 due March 3rd, 1941
"5. $36.00 due April 3rd, 1941
"6. $36.00 due May 3rd, 1941
"7. $36.00 due June 3rd, 1941
"8. $36.00 'due July 3rd, 1941
"9. $36.00 due Aug. 3rd, 1941
"10. $36.00 due Sept. 3rd, 1941
"11. $36.00 due Oct. 3rd, 1941
"12. $      due         19

with interest from date of maturity at the rate of ten per cent per annum. The makers, sureties, guarantors and endorsers of this note, and all other parties hereto, severally waive demand, presentment, notice of dishonor, diligence in collecting, grace, notice and protest, and agree to all extensions and partial payments, before or after maturity, without prejudice to the holder; neither will the renewal hereof extinguish any of the liabilities of the parties. The holder of this note in the event of default on the part of the maker in the payment of any of said installments, shall have the right to declare all the remaining amount unpaid, due and payable immediately. If it should become necessary to cancel the insurance, the premiums on which are covered hereby, because of the assured's failure to pay the installments shown herein, such cancellation shall be on the customary short rate basis, and if this note is not paid at maturity and is placed in the hands of an attorney for collection or if it is collected through a bankrupt court, a probate court, or any other court, then there shall be added hereto the holders collection expenses plus reasonable attorneys fees.

"P.O.Address Stanton, Texas.
"Policy No. N MC–7849–2559

L. A. Odom
(Name of Assured)"

Defendant contends that the court erred in rendering judgment .upon this instrument, which was offered in evidence upon two grounds:

1. Because the instrument showed $111.50 due on December 3, 1940, the date of the instrument, and $36 due on the 3rd day of successive months, all installments totaling $471.50; whereas the petition alleged and described the note as being due on August 7, 1941, in the sum of $495.31.

2. Because plaintiff sued on an executory contract and made no proof that he had performed the obligation disclosed in the contract.

Neither of these contentions is sustained.

In substance plaintiff alleged that he was suing upon "a promissory note and/or written instrument," executed and delivered by defendant to him on December 3, 1940, whereby, for value received, defendant agreed to pay plaintiff the amount of the note, at his office in Dallas, Texas, with interest thereon at the rate of

10% per annum from date of maturity, and upon which defendant is indebted to plaintiff in the sum of $495.31, principal and interest due to date of the suit, or to May 28, 1945; and that said note had been in default since August 7, 1941; that defendant had refused upon repeated demands to pay said indebtedness, to plaintiff's damage in the sum of $495.31.

Plaintiff further alleged that the note provided that if collected through court, "then there shall be added hereto the holder's collection expenses plus reasonable attorney's fees"; that plaintiff is the legal owner and holder of the note and has expended in excess of $100 expenses in attempting to collect this debt, to his damage in the sum of $100; and that plaintiff has employed counsel in attempting to collect the note and has expended therefor reasonable fees in the sum of $100, to his damage in the sum of $100.

Plaintiff prayed for judgment in the sum of $695.31 in the premises, plus 10% interest thereon from May 28, 1945, and for costs and all other relief to which he may be justly entitled. Plaintiff swore to his petition, stating in his oath "that the foregoing petition and every statement and allegation thereof is true and correct."

We think the petition sufficiently stated a cause of action upon a note and/or written instrument for $495.31, as principal and interest due thereon to the date of filing of the suit, and was sufficient to support the default judgment for that amount. This under the rule relating to a default judgment that:

"The sufficiency of the petition is to be determined by the rules applied when the attack is by general demurrer. So if the petition would be good as against a general demurrer it will sustain the judgment, even though it might have been subject to special demurrer." 25 Tex.Jur. 399-400, § 36, and cases there cited.

■ In determining the sufficiency of a petition to support a default judgment, or as against a general demurrer, all averments as well as all reasonable intendments and inferences which can be gleaned from the petition must be indulged. And "it is [unnecessary] to set out the instrument sued on, in hæc verba; it [being] sufficient to state the substance and legal effect [thereof]." Towner v. Sayre, 4 Tex. 28; Carver v. Gray, Tex.Civ.App.; 140 S.W.2d 227 (writ dis.); Black v.

Drury, 24 Tex. 289; Higdon v. Shelton Motor Co., 138 Tex. 121, 157 S.W.2d 627; Hanley v. Oil Capital Broadcasting Ass'n, 141 Tex. 243, 171 S.W.2d 864; Rule 47, Texas Rules of Civil Procedure; 33 Tex. Jur. 628 and 629, §§ 177 and 178.

■ The foregoing note or written instrument sued upon is clearly not an executory contract requiring proof of its performance, but it is a negotiable instrument or promissory note, and its introduction in evidence fully supports the default judgment rendered thereon for $495.31, with interest thereon. The note or written instrument in suit meets every test of negotiability of an instrument as prescribed by Art. 5932 R.S.1925. It is (1) in writing and signed by the maker; (2) it contains an unconditional promise to pay a sum certain in money; (3) it is payable at a fixed or determinable future time; and (4) is payable to a named payee or legal holder. Sec. 2 of said Article provides that a sum certain is one payable in installments, or by stated installments, with provisions for acceleration of payment of the whole obligation for default in the payment of any installment, and with provision for cost of collection or attorney's fee in case of default. And Sec. 3 of said Article provides that "an unqualified order or promise to pay is unconditional within the meaning of this Act, though coupled with * * * 2. A statement of the transaction which gives rise to the instrument." The fact that the note provided for cancellation of the insurance for failure to pay premiums does not render it non-negotiable, because it specifically provides that the amount due in that event shall be determined on a definite basis. The insurance was not cancelled.

We think that the trial court erred in rendering judgment for $100 as collection expenses and for $100 as attorney's fees, because no proof was made as to the amounts so expended, nor as to the reasonableness thereof. The statement of facts, approved by the judge rendering the judgment and the judge succeeding him in office, shows that the only evidence adduced was the introduction of the note sued upon. It provided for reasonable expenses of collection and reasonable attorney's fees, but does not fix the amount thereof. In consequence the cause of action for recovery of these two items of damages was upon an unliquidated demand. Rule 243, T.R.C.P., source Art. 2157, pro-

vides that "if the cause of action is unliquidated or be not proved by an instrument of writing, the court shall hear evidence as to damages and shall render judgment therefor * * *."

■ It is also the rule that "a default operates as an admission of all material facts alleged in the petition," but that a default does not "admit the amount of damages to which plaintiff is entitled, if the case is one in which the statutes (Rule 243) require proof as to damages." 25 Tex.Jur. 403-404, § 39, notes and decisions there cited and those cited under Art. 2157, Vernon's Ann.Civ.Sts., which statute is the source of the rule.

■ The contention of plaintiff in this connection is that since his suit was upon sworn petition it must be taken as prima facie evidence of the claim asserted for collection expenses and attorney's fees under Rule 185, T.R.C.P. (source Art. 3736, unchanged). This rule relates to a "Suit on Sworn Account" as therein defined. It has no application to a suit upon an unliquidated demand for reasonable collection expenses and reasonable attorney's fees for default in the payment of a note at maturity.

■ There is no merit to the contention of defendant that under the allegations of the petition the amount in controversy was not within the jurisdiction of the county court. The petition and prayer for relief expressly limited plaintiff's recovery to $495.31, with interest at 10% from date of maturity, August 7, 1943, and for collection expenses of $100 and attorney's fees of $100. Thus the amount in controversy, $695.31, plus interest, was within the jurisdiction of the county court.

Under our foregoing holding the judgment will be reversed and the cause remanded, unless plaintiff shall file within fifteen days a remittitur of the $100 for collection expenses and the $100 attorney's fees, and in which event the judgment will be reformed so as to exclude such two items of damages and affirmed as to the $495.31 due on the note, with interest at the rate of 10% per annum from maturity.

Reversed and remanded with suggestion of remittitur, in which event judgment will be reformed and affirmed.

Note.—April 17, 1946. Appellee having filed remittitur suggested in original opinion, the trial court's judgment is this day reformed and affirmed.