**E. L. KELLEY, Appellant,**

**v.**

**The FIRST NATIONAL BANK OF FORT WORTH, Appellee.**

No. 3102.

Court of Civil Appeals of Texas.
Eastland.

Sept. 17, 1954.

L. D. Hawkins, Breckenridge, for appellant.

Harrell & Harrell, Breckenridge, for appellee.

GRISSOM, Chief Justice.

C. A. White sued J. S. McGarry, Sam Amsler and wife, and E. L. Kelley. White alleged they were "joint owners and joint operators" of an oil and gas lease; that McGarry, acting for and on behalf of the other joint owners and operators, entered into written contracts with White for the rental of oil field equipment; that defendants had failed to return some casing and had converted it and owed rent on other material and owed part of the agreed purchase price of casing purchased by "defendants."

Kelley was served with citation but neither appeared nor answered. A hearing was had on the Amsler's plea of privilege and, at the conclusion thereof, a non-suit was taken as to all defendants except Kelley. A default judgment for $10,174.82 was rendered against Kelley. Kelley received no notice other than service of the citation. He did not participate in the trial and seeks a review of said judgment by writ of error. Prior to entry of the judgment, but on the same day, the First National Bank of Fort Worth filed a motion in which it alleged it was the executor and trustee under the will of White, deceased, and suggested that, since the filing of the suit and before a verdict, White had died; that the cause of action was one that survived, wherefore, the Bank, as executor and trustee, moved that the suit be continued with the Bank as plaintiff. On the same day, the court entered an order which recited that said Bank, trustee and executor of the will of White, deceased, appeared in open court by its attorney and made suggestion of the death of White; that said suggestion was true; that said Bank had qualified as executor and trustee. The court ordered said suggestion entered of record in open court and that said Bank, as executor and trustee of the will of White, "be and it is hereby made plaintiff in such suit and that such suit shall proceed in its name."

The judgment against Kelley recited that the court heard evidence and was of the opinion that plaintiff had been damaged $10,174.82, by Kelley, wherefore, judgment was rendered against him for that amount. The judgment recited that plaintiff had abandoned its suit on certain promissory notes. It, therefore, is shown that the judgment against Kelley was necessarily based on a suit for rent and conversion of oil field equipment furnished by White to McGarry under written contracts signed by McGarry acting for and on behalf of the defendants or for that together with the purchase price of material purchased by "defendants."

Kelley contends the court erred in rendering a default judgment against him in favor of said Bank because the suit was originally filed by White, and, although Kelley had been cited on White's petition, he had no notice that the Bank, instead of White, was seeking judgment against him or that it had any right to recover on the cause of action alleged by White. In other words, Kelley contends that, although he was duly served with citation issued on White's petition, since he did not appear or answer a default judgment in favor of the Bank, should not have been rendered without further notice to Kelley. These points are overruled. Old Article 2291 provided that "notice of a motion in a suit pending is given by filing the motion and its entry in the motion docket during the term, and such motion which does not go into the merits of the case may be disposed of at any time before the trial of the case." Texas Rule of Civil Procedure 150 provides where the cause of action is one that survives, no suit shall abate because of the death of any party thereto before the verdict or decision of the court is rendered, "but such suit may proceed to judgment as hereinafter provided." R.C.P. 151 provides "if the plaintiff dies, the * * * executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his * * * name." R.C.P. 63 provides that parties may amend their pleadings and file suggestion of death by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that an amendment offered for filing within

seven days, of the trial shall be filed only after leave of the judge is obtained.

R.C.P. 241 provides:

"Where a judgment by default is rendered against the defendant, or all of several defendants, if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and judgment final shall be rendered therefor, unless the defendant shall demand and be entitled to a trial by jury."

R.C.P. 243 provides:

"If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket."

■ The record shows Kelley did not demand a jury and the court took the action provided by said rules. Rule 21a, which became effective December 31, 1947, has a provision to the same effect as that part of old Article 2291, quoted above, to wit: "notice of a motion in a suit pending is given by filing the motion and its entry in the motion docket". There was certainly "a suit pending" when the Bank filed its motion to be substituted as plaintiff and it was entered on the docket.

In Parriss v. Jewell, 57 Tex.Civ.App. 199, 122 S.W. 399, Writ Ref., it was held, under a situation not distinguishable from the instant case, that the substitution of a plaintiff for one who had died was proper upon the court granting the prayer of the suggestion of death without the necessity of filing another petition, because the suggestion is regarded as a part of the pleading.

In Paxton v. First State Bank of Tatum, Tex.Civ.App., 42 S.W.2d 837, 839, it was held that it was not error for the court to grant a motion to be substituted as the party plaintiff without notice to the defendant and without evidence. See also 1 Tex. Jur., 75; Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816, 822; Beck v. Avondino, 20 Tex.Civ.App. 330, 50 S.W. 207; 66 C.J.S., Notice, § 16, page 654.

We conclude the court did not err in rendering judgment against Kelley on the ground that there was no actual notice given him of the motion to substitute White's executor as plaintiff.

Kelley contends the evidence was insufficient to authorize rendition of a default judgment against him on McGarry's contracts on the theory that in making them McGarry was acting for Kelley and insufficient to support said judgment on the theory that said contracts were made by McGarry in pursuance of a joint operation of the lease by McGarry and Kelley. Plaintiff's petition contained allegations of several causes of action, including a suit on promissory notes signed by McGarry only, on which judgment was not rendered against Kelley. The petition contained allegations that defendants were joint owners and joint operators of a certain oil and gas lease; that on several occasions McGarry, acting for and on behalf of the other joint owners and operators of said lease, entered into written contracts with White to rent certain oil field material for an agreed price; that the equipment was received by defendants and they owed rent thereon or converted parts thereof and that same amounted to more than the judgment.

In the sixth paragraph White alleged that "defendants" purchased from him certain casing at $2.70 per foot, or $5,265 and employed him to transport it to defendants' lease for an agreed charge of $122.85; that there was a balance due thereon of $1,765; that by the terms of the written contract under which said casing was purchased "defendants" agreed to pay interest thereon; that a certain amount of interest had accrued; that said contracts provided for an attorney's fee; that by virtue of said contracts, defendants were indebted to White in the sum of $9,249.84 plus $924.98

attorney's fees but that defendants were entitled to a credit of $384.04 for casing returned.

The eighth paragraph contains a count seeking recovery on three notes executed by McGarry, "acting for himself and in behalf of the other joint owners of said lease." Judgment was not rendered on the notes.

Mrs. White testified, in effect, to the execution of the rental contracts; that the casings were rented as alleged and were of the value alleged and that certain casings had been converted by defendants and that some was purchased, as alleged.

■ Appellant contends the evidence was insufficient to sustain the judgment. "The effect of a judgment by default is to be measured by the pleadings of the plaintiff." 25 Tex.Jur. 402. "A default operates as an admission of the material facts alleged in the petition." 25 Tex.Jur. 403. See also 25 Tex.Jur. 406 and 31 Am.Jur. 134.

In 49 C.J.S., Judgments, § 201, page 359, it is said that a default admits that the defendant occupies the position, or fills the relation to others alleged in plaintiff's petition and also admits the due execution and validity of the instrument sued on and that plaintiff's claim is just and defendant has no defense thereto.

■ In Odom v. Pinkston, Tex.Civ.App., 193 S.W.2d 888, 890, R.N.R.E., it was held that in determining the sufficiency of a petition to support a default judgment the same test should be used as was formerly applied in determining whether a petition was subject to a general demurrer and that all averments, as well as all reasonable intendments and inferences which could be reasonably drawn therefrom, must be indulged.

In Higdon v. Shelton Motor Co., Inc., 138 Tex. 121, 157 S.W.2d 627, it was held that in passing on the sufficiency of a petition challenged by a general demurrer the pleading should be construed as favorably to the pleader as possible and every reasonable intendment indulged in favor of its sufficiency.

■ Applying said rules to White's petition, in order to determine whether it is sufficient to support the default judgment, it is apparent that any one could ascertain from the petition that White was contending that the defendants were the joint owners and joint operators of a certain oil and gas lease; that they were jointly engaged in drilling a well thereon; that McGarry, one of the joint owners and joint operators, acting for and on behalf of the other joint owners and operators, rented certain oil well equipment from White for the purpose of drilling a well on the jointly owned lease for which they agreed to pay a definite sum as rental for the initial period and thereafter a definite sum per day until the material was returned to the plaintiff and that a certain rental was due; that material of a definite value had been converted. By his default, Kelley admitted these facts, which were confirmed by the contracts and the testimony of Mrs. White. With the facts testified to added to those admitted by the default, regardless of whether such evidence was required, it was simply a matter of mathematical calculation to determine the amount for which Kelley was liable. See Martin v. Lee County State Bank, Tex.Civ.App., 265 S.W. 1057, 1058, W.D.; Colorado River Syndicate Subscribers v. Alexander, Tex.Civ. App., 288 S.W. 586, 587; Citizens' Bank v. Brandau, Tex.Civ.App., 1 S.W.2d 466, 470, Writ Ref.; 25 Tex.Jur. 406; 31 Am. Jur. 134.

Under R.C.P. 93 it was admitted that plaintiff had the legal capacity to sue and was entitled to recover in the capacity in which it sued. It was also admitted, in the absence of verified denial, that McGarry had the authority of Kelley to make the contracts alleged.

We conclude there was support for the default judgment.

It is affirmed.