Rayburn CHOKAS, Appellant,

v.

Paul DONALD, Appellee.

No. 17010.

Court of Civil Appeals of Texas.

Fort Worth.

March 28, 1969.

Rehearing Denied April 25, 1969.

Ernest May, Fort Worth, for appellant.

Jack Connell, Bowie, for appellee.

## OPINION

RENFRO, Justice.

Judgment by default was rendered against defendant in the trial court.

He has perfected his appeal by writ of error to this court.

Defendant has briefed only one point of error, to-wit:

The holding of the trial court that the petition was sufficient for judgment upon the check.

Plaintiff's petition for recovery was based, first, upon a promissory note dated August 6, 1966, in the amount of $884.00, signed by defendant.

Sufficiency of the pleadings to support a default judgment as to the note is not questioned.

Second, plaintiff alleged: On June 30, 1967, he, as lessor, made and entered into an Oil, Gas and Mineral Lease with defendant covering an undivided ½ interest in 675.88 acres of land situated in Montague County, Texas, for a primary period of five years, and, as a part of the consideration for the execution and delivery of said lease defendant agreed to pay plaintiff the sum of $4,000.00; that the Lease has been duly filed for record in the Deed Records of Montague County; that the original was executed and delivered to defendant and is still in defendant's possession; on September ber 5, 1967, defendant gave plaintiff his check drawn on the First National Bank, Bowie, Texas, in the sum of $4,000.00 as part of the consideration for the execution and delivery of the lease; but upon presentation to the Bank for payment it was found to be worthless; that plaintiff has time and time again requested defendant to take up said check and pay the sum due thereunder; defendant has wholly failed to comply with such requests to plaintiff's damage in the sum of $4,000.00.

In his prayer plaintiff asks for "judgment against Defendant for the sum of $4,000.00, representing Plaintiff's damages for failure to pay the $4,000.00 check representing a part of the consideration for the execution and delivery of said lease, * * *."

Defendant did not file an answer.

The default judgment, dated April 24, 1968, read, in part, "* * * the Court, having examined the Petition of Plaintiff filed herein, and finding the same sufficient as a matter of law, and having heard the evidence and argument of counsel is of the opinion that the Plaintiff, Paul Donald, should recover of the Defendant, Rayburn Chokas." The judgment concluded with decree for recovery on the $884.00 note, "and the sum of $4,000.00, representing the debt sued upon, * * *."

The defendant contends under his point of error that the pleading concerning the check, "part of the consideration for the execution and delivery of said lease," of June 30, 1967, "covering an undivided ½ interest in 675.88 acres of land situated in Montague County," makes no reference to survey or landmark; identification of the leased tract is impossible; the check bears no indorsement to show that it was ever presented to the bank or when; that plaintiff's petition alleged no date of presentment and dishonor, and the suit not having been filed until more than six months after the check was drawn any delay of presentment after such period of time was unreasonable, citing U.C.C., § 3—503(1) (b).

He argues, from the above, that the defendant did not have fair notice of plaintiff's claim.

The trial court did not construe the petition to be a suit on a check and neither do we.

■ The material allegations of the petition have been set out on pages 1 and 2 of this opinion. The allegations inform the defendant that he has never paid the $4,000.00 which he promised to pay to plaintiff as part of the consideration for the oil and gas lease; that the check theretofore given to plaintiff by the defendant proved to be worthless; that plaintiff is now, by suit, asking the court to render a judgment for him in the amount of the debt, namely, $4,000.00. In brief plaintiff informed defendant he was suing him for debt and pleaded some evidentiary facts.

The petition was sufficient to give defendant fair notice of the claim involved.

Rule 45, Texas Rules of Civil Procedure, only requires that a petition consist of a statement in plain and concise language of the plaintiff's cause of action and provides the fact, "That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole." In order to support a default judgment it is not necessary that a plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action. It it not requisite that a petition be technically sufficient to state a cause of action in order to sustain a default. Edwards Feed Mill v. Johnson, 158 Tex. 313, 311 S.W.2d 232 (1958); Carpenter v. Globe Leasing, Inc., 421 S.W.2d 413 (Tex.Civ. App., 1967, no writ hist.).

In Sagebiel's Inc. v. Sumrall, 358 S.W.2d 251 (Tex.Civ.App., 1962, ref., n. r. e.), it was held, "While neither the pleadings nor evidence are as specific and detailed as they might have been if the case had been contested in the trial court, nevertheless, we are forced to the conclusion that it is not shown

that the * * * court's assessment of damages was based on evidence of injuries not pleaded * * *.

"The petition would not have been subject to a general demurrer under the old practice."

Green v. W. E. Grace Manufacturing Company, 422 S.W.2d 723 (Tex.Sup., 1968); Smith v. Pegram, 80 S.W.2d 354 (Tex.Civ. App., 1935 ref.); and Edwards Feed Mill v. Johnson, supra, are in accord with the above statement.

The plaintiff's petition was sufficient to give defendant fair notice of what plaintiff was seeking and the reasons why. It would have been good as against a general demurrer under the old practice.

Judgment affirmed.