**LABOR FORCE, INC., Appellant,**

v.

**HUNTER, FARRIS & COMPANY, INC., Appellee.**

No. A2394.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 28, 1980.

Thomas E. Lucas, Law Offices of Thomas E. Lucas, Houston, for appellant.

Jerry Sadler, Alfred C. Schlosser & Co., Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal by writ of error from a default judgment where service was by substitution on the Secretary of State of Texas. We affirm.

Appellant raises, as his sole point of error, the contention that the trial court lacked *in personam* jurisdiction over appellant for failure of the service to strictly comply with the requirements of Tex.Bus. Corp.Act.Ann. art. 2.11 B (Vernon 1980). In support of this contention, appellant cites the failure of the certificate issued by the Secretary of State to identify as appellant's registered office the address where the copy of the citation and petition were mailed, and to identify as appellant's registered agent the individual to whose attention the citation and petition were directed. Appellant does not contend that the address given was not its registered office, or that the individual named was not its registered agent, or that there is any other defect in the service of process. The service was in fact forwarded by certified mail to the party and address listed in the certificate and, according to the certificate, returned to the Secretary of State bearing the notation, "Unclaimed."

We hold these omissions of designation do not render the service defective. Tex.Bus. Corp.Act.Ann. art. 2.11 (Vernon 1980) does not require such notations to be included in the certificate, nor do the Texas Rules of Civil Procedure or any of the decisions of any Texas appellate court. If the record nowhere reflected that the individual named in the certificate was the registered agent or that the address stated therein was the registered office, appellant's position would be correct. *Travis Builders, Inc. v. Graves*, 583 S.W.2d 865 (Tex.Civ.App.-Tyler 1979, no writ). These designations, however, were included in appellee's Original Petition, with the identical name and address contained in the certificate issued by the Secretary of State. We hold that these facts satisfy the requirements of article 2.11. *Cf. Hillson Steel Products, Inc. v.*

*Wirth Limited,* 538 S.W.2d 162 (Tex.Civ. App.-Houston [1st Dist.] 1976, no writ).

Affirmed.