ACCEPTED
01-15-00597-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/11/2015 8:29:47 AM
CHRISTOPHER PRINE
CLERK

# Cause No. 01-15-597-CV

*In The*

*Court of Appeals*

*for the*

*First Appellate District*

*Houston, Texas*

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/12/2015 8:29:47 AM

CHRISTOPHER A. PRINE
Clerk

LEVENT ULUSAL,                                    Appellant

V.

LENTZ ENGINEERING, L.C.                    Appellee

# BRIEF OF APPELLEE LENTZ ENGINEERING, L.C.

**TIMOTHY R. PLOCH**
**LINDA M. TALBOT**
**TIMOTHY R. PLOCH, P.C.**
730 North Post Oak Rd., Suite 100
Houston, Texas  77024
(713) 862-4300
(713) 862-7575 (Telecopier)

**KEITH C. LIVESAY**
**LIVESAY LAW OFFICE**
BRAZOS SUITES NO. 9
517 Nolana
McAllen, Texas  78504
(956) 928-0149

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ... iv

WAIVER OF ORAL ARGUMENT ... x

STATEMENT OF THE NATURE OF THE CASE ... 2

ISSUES PRESENTED ... 2

STATEMENT OF FACTS ... 4

SUMMARY OF ARGUMENT ... 7

ARGUMENT ... 8

CONSTRUCTION OWNER HAS FAILED TO SUFFICIENTLY BRIEF ALL CONTENTIONS ... 8

SERVICE OF PROCESS WAS PROPER ... 12

[A] Citation Proper If Defendant Reasonably Served ... 12

[B] Construction Owner Should Not Be Rewarded for Refusing his Mail ... 13

[C] Corrected Citation Cannot Be Ignored ... 16

PLEADINGS WERE SUFFICIENT TO SUSTAIN DEFAULT ... 19

[A] Second Amended Petition Provides Fair Notice ... 19

[B] Petition Sufficient to Support Service of Process ... 23

[C] Request for Attorney's Fees Adequately Pled ... 26

DAMAGES WERE PROPERLY AWARDED ... 28

CONCLUSION AND PRAYER ... 30

CERTIFICATE OF COMPLIANCE     31

CERTIFICATE OF SERVICE     32

# TABLE OF AUTHORITIES

C̲ASES̲

Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 901-02,
106 S.Ct. 2317, 2319, 90 L.Ed.2d 899 (1986)  26

Bancservices Group, Inc. v. Strunk & Associates, L.P., 2005 WL 2674985
at 6 (Tex. App.--Houston [14th Dist.] 2005, pet. denied)  27

Baucom v. Crews, 819 S.W.2d 628, 631 (Tex. App.--Waco 1991,
no writ)  8

Beard v. Beard, 49 S.W.3d 40, 67 (Tex. App.-Waco 2001, pet. denied)  8

Blumenthal v. Ameritex Computer Corp., 646 S.W.2d 283, 286 (Tex.
App.--Dallas 1983, no writ)  24

Boehm v. State, 2003 WL 22453802 at 5 (Tex. App.--Houston [14th
Dist.] 2003, p.d.r. ref'd)  10

Capitol Brick, Inc. v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex.
1986)  14

Castleberry v. Goolsby Building Corp., 617 S.W.2d 665 (Tex. 1981)  20

Chokas v. Donald, 439 S.W.2d 870, 872 (Tex. Civ. App.--Fort Worth
1969, no writ)  20

Davis v. Quality Pest Control, 641 S.W.2d 324, 328 (Tex. App.--
Houston [14th Dist.] 1982, writ ref'd n.r.e.)  19

Dezso v. Harwood, 926 S.W.2d 371, 373 (Tex. App.--Austin 1996,
writ denied)  18

Direct Value, L.L.C. v. Stock Bldg. Supply, L.L.C., 388 S.W.3d 386, 393
(Tex. App.--Amarillo 2012, no pet.)  27

Dole v. LSREF2 APEX 2, LLC, 425 S.W.3d 617, 624 (Tex. App.--

Dallas 2014, no pet.)    14

Dusenbery v. United States, 534 U.S. 161, 170, 122 S.Ct. 694, 697, 151 L.Ed.2d 597 (2002)    15

El Puerto de Liverpool, S.A. de C.V. v. Servi Mundo Llantero S.A. de C.V., 82 S.W.3d 622, 629 (Tex. App.--Corpus Christi 2002, pet. dism'd w.o.j.)    24

Few v. State, 230 S.W.3d 184, 187 (Tex. Cr. App. 2007)    17

Fireman's Fund Indem. Co. v. Boyle General Tire Co., 392 S.W.2d 352, 354 (Tex. 1965)    15

First Nat'l Bank of Irving v. Shockley, 663 S.W.2d 685, 688 (Tex. App.--Corpus Christi 1983, no writ)    20

Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc., 960 S.W.2d 41, 44 (Tex. 1998)    23

Glynn Corp. v. Precept Business Products, Inc., 1999 WL 403028 at 2 (Tex. App.--Dallas 1999, no writ)    14

GMR Gymnastics Sales, Inc. v. Walz, 117 S.W.3d 57 (Tex. App.--Fort Worth 2003, pet. denied)    16

Gulf, C. & S.F. Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex. 1963)    20

Hardin v. Hardin, 161 S.W.3d 14, 23-24 (Tex. App.--Houston [14th Dist.] 2004, vac. pur. sett'l)    28

Herbert v. Greater Gulf Coast Enterprises, Inc., 915 S.W.2d 866, 871 (Tex. App.--Houston [1st Dist.] 1995, no writ)    12

Howeth Investments, Inc. v. City of Hedwig Village, 259 S.W.3d 877, 902 (Tex. App.--Houston [1st Dist.] 2008, pet. denied)    9

Huynh v. Nguyen, 180 S.W.3d 608, 619-20 (Tex. App.--Houston [14th Dist.] 2005, no pet.)    24

In re Madeiros, 2001 WL 1411564 at 2 (Tex. App.--San Antonio 2001, no pet.)   15

King v. Acker, 725 S.W.2d 750, 756 (Tex. App.--Houston [1st Dist.] 1987, no writ)   27

Kubovy v. Cintas Corp., 2003 WL 21299938 (Tex. App.--Houston [1st Dist.] 2003, no pet.)   17

Labor Force, Inc. v. Hunter, Farris & Co., 601 S.W.2d 146, 146-47 (Tex. App.--Houston [14th Dist.] 1980, no writ)   15

Land Title Co. of Dallas, Inc. v. F.M. Stigler, Inc., 609 S.W.2d 754, 756 (Tex. 1980)   26

LEJ Development Corp. v. Southwest Bank, 407 S.W.3d 863, 866 (Tex. App.--Fort Worth 2013, no pet.)   12

Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940)   23

Mitchell v. LaFlamme, 60 S.W.3d 123, 130 (Tex. App.--Houston [14th Dist.] 2000, no pet.)   27

Morgan v. Morgan, 657 S.W.2d 484, 491 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd)   28

Odom v. Pinkston, 193 S.W.2d 888, 890 (Tex. Civ. App.--Austin 1946, writ ref'd n.r.e.)   20

Oliver v. Rogers, 976 S.W.2d 792, 804 (Tex. App.--Houston [1st Dist.] 1998, writ denied)   23

Onwukwe v. Ike, 137 S.W.3d 159, 166 (Tex. App.--Houston [1st Dist.] 2004, no pet.)   21

Ortiz v. Avante Villa at Corpus Christi, Inc., 926 S.W.2d 608, 613 (Tex. App.--Corpus Christi 1996, writ denied)   12

Paramount Pipe & Supply Co., Inc. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988)   21

Payne & Keller Co. v. Word, 732 S.W.2d 38, 41 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.)   18

Perna v. Hogan, 162 S.W.3d 648, 652-53 (Tex. App.--Houston [14th Dist.] 2005, no pet.)   24

Perry & Perry Builders, Inc. v. Galvan, 2003 WL 21705248 at 10 (Tex. App.--Austin 2003, no pet.)   27

Popkowsi v. Gramza, 671 S.W.2d 915, 918 (Tex. App.--Houston [1st Dist.] 1984, no writ)   18

Regalado v. State, 934 S.W.2d 852, 854 (Tex. App.--Corpus Christi 1996, no writ)   12

Republic Underwriters Ins. Co. v. Mex–Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004)   9

Salas v. Chris Christensen Systems, Inc., 2011 WL 4089999 at 9 (Tex. App.--Waco 2011, no pet.)   14

Saudi v. Brieven, 176 S.W.3d 108, 120 (Tex. App.--Houston [1st Dist.] 2004, pet. denied)   9

Scott v. Sebree, 986 S.W.2d 364, 371 (Tex. App.--Austin 1999, writ denied)   29

Seawell v. Lowery, 16 Tex. 48, 51 (1856)   8

Sharpe v. Kilcoyne, 962 S.W.2d 697, 703 (Tex. App.--Fort Worth 1998, no writ)   30

Smith v. Hawkins, 2010 WL 3718546 at 7 (Tex. App.--Houston [1st Dist.] 2010, pet. denied)   28

Southwest Const. Receivables, Ltd. v. Regions Bank, 162 S.W.3d 859, 865 (Tex. App.--Texarkana 2005, pet. denied)   14

Stooksbury v. State, 2009 WL 2883518 at 5 (Tex. App.--Waco 2009, p.d.r. ref'd)   9

Taylor Publication Co. v. Systems Marketing Inc., 686 S.W.2d 213, 216
(Tex. App.--Dallas 1984, writ ref'd n.r.e.)                    19

Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118,
128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied)          8

Texas Commerce Bank, N.A. v. New, 3 S.W.3d 515 (Tex. 1999)      29

Tilton v. Marshall, 925 S.W.2d 672, 680 (Tex. 1996)            30

Transfer Product, Inc., v. Tex Par Energy, Inc., 788 S.W.2d 713, 717
(Tex. App.--Corpus Christi 1990, no writ)                      27

Trial v. McCoy, 581 S.W.2d 792, 795 (Tex. Civ. App.--El Paso 1979,
no writ)                                                       28

Turner v. State, 4 S.W.3d 74, 80-81 (Tex. App.--Waco 1999, no p.d.r.)   9

U–Anchor Advertising, Inc. v. Burt, 553 S.W.2d 760, 762 (Tex. 1977)    23

Vincent v. Vincent, 2003 WL 21770814 at 4 (Tex. App.--Fort Worth
2003, no pet.)                                                 28

Whallon v. City of Houston, 462 S.W.3d 146, 165 (Tex. App.--Houston
[1st Dist.] 2015, no pet.)                                      27

Westcliffe, Inc. v. Bear Creek Construction, Ltd., 105 S.W.3d 286, 290
(Tex. App.--Dallas 2003, no pet.)                              18

White v. State, 50 S.W.3d 31, 53 (Tex. App.--Waco 2001, p.d.r. ref'd)   11

Williams v. Williams, 150 S.W.3d 436, 443–44 (Tex. App.--Austin 2004,
pet. denied)                                                   12

Willock v. Bui, 734 S.W.2d 390, 392 (Tex. App.--Houston [1st Dist.] 1987,
no writ)                                                       21

Zuyus v. No'Mis Communications, Inc., 930 S.W.2d 743, 746-47 (Tex.
App.--Corpus Christi 1996, no writ)                            15

STATUTES AND RULES

Tex. Civ. Prac. & Rem. Code §17.042                    23

Tex. Civ. Prac. & Rem. Code §17.044(a)(3)             13

Tex. Civ. Prac. & Rem Code §38.001                    27

Tex. Prop. Code §166.002                              22

Tex. R. App. P. 38                                     9

Tex. R. Civ. P. 118                                    17

# WAIVER OF ORAL ARGUMENT

Most attorneys are in love with the sound of their voice, and believe their mellifluous words which come trippingly from their lips possess the powers to persuade, including appellate courts. Experienced appellate attorney know the opposite is true; oral arguments are worthless.[1] Wice, *An Invitation to Persuade? We Decline*, 15 TEX. LAW. 32 (1999); Rehnquist, *Oral Advocacy: A Disappearing Art*, 35 MERCER L. REV. 1015, 1019 (1984). Appellate court judges have reached the same conclusion, and have continued to hold such opinion for an extended period of time. Harlan, *What Part Does the Oral Argument Play in the Conduct of an Appeal*, 41 CORNELL L.Q. 6, 10-11 (1955); Jackson, *Advocacy Before the Supreme Court: Suggestions for Effective Case Presentations*, 37 A.B.A. J. 801, 805 (1951).

Appellee and its counsel recognize reality: oral argument is would not assist this Court in rendering its decision on this matter. Regardless of how mellifluous their words, this Court would be wasting its time listening. Accordingly, Appellee waives oral argument in this matter.

---

[1]The same is true for table of authorities.

# Cause No. 01-15-597-CV

LEVENT ULUSAL,

Appellant

V.

LENTZ ENGINEERING, L.C.

Appellee

# BRIEF OF APPELLEE
# LENTZ ENGINEERING, L.C.

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES **LENTZ ENGINEERING, L.C.**, **Appellee** in the above styled and numbered cause, and files this its **BRIEF OF APPELLEE**, demonstrating that the trial court possessed personal jurisdiction over a Texas resident who purchased goods and services for a Texas construction project, that Appellee's pleadings were sufficient, and that Appellant cannot avoid the wheels of justice by fleeing Texas and then refusing to claim his mail.

1

# STATEMENT OF THE NATURE
# OF THE CASE

A Texas construction company owner moves to New Jersey to avoid paying his debts. When he is subsequently sent the citation from one such creditor seeking collection, the owner refuses to visit the post office and claim his mail from the Secretary of State. A default judgment is eventually entered by the 125th District Court of Harris County, Hon. Michael Gomez, presiding, and collection proceedings are attempted in New Jersey. At that point, the construction owner second guesses his previous choices, which resulted in this restricted appeal.

# ISSUES PRESENTED

Is an appellant required to present sufficient legal authority in his brief?

Must an appellant's brief contain sufficient citations to the record?

Can a party avoid service of process by refusing to claim his certified mail from the Texas Secretary of State?

Does the constitutional right to due process require actual notice, or merely reasonable attempts at notice?

Can a plaintiff and/or sheriff's department amend a citation without court intervention prior to the entry of a default judgment?

Does inversion of a defendant's name on a citation automatically render the citation fundamentally defective?

Can a party generally allege entitlement to substituted service?

When a defendant flees Texas to avoid his obligations, is the plaintiff required to plead the date when such travel occurred (even though the plaintiff is generally not in a position to know)?

Does the Texas Long Arm statute impose pleading requirements on the cause of action alleged?

Is a party required to plead all elements of his cause of action before a default judgment can be predicated on his petition?

Is a party required to marshal his evidence in his pleading before a default judgment can be predicated on his petition?

Is a request for attorney's fees in a prayer sufficient?

Is a litigant required to plead to the specific statute which authorizes the award of attorney's fees?

Can attorney's fees be awarded under the Texas Construction Trust Act?

Can attorney's fees be awarded as exemplary damages in a fraud case?

Does the Texas Construction Trust Act permit recovery of the amount owing under a contract?

Does fraud permit recovery of the amount owing under a contract?

## STATEMENT OF FACTS

In 2011, a building on North Sam Houston Parkway was to be converted from an office complex into a college dormitory. Solidarity Contracting was hired to perform the conversion. Solidarity Contracting's president was Levent Ulusal, Appellant herein. Because of anticipated increased use, the building's sewer needed to be expanded. Because water flow lay generally outside Solidarity Contracting's sphere of competence, it hired Lentz Engineering, L.C., Appellee herein, to survey the building's grounds to determine location of the sewers, and to prepare drawings for a site utility plan and storm water pollution prevention site plan.

Apparently satisfied with Appellee's work, Solidarity Contracting expanded Appellee's work to include additional drawings for a lift station and force main and off site sewer plans. Appellee (hereinafter referred to as "Draftsman") submitted these additional plans, which were accepted and used for the project. Accordingly, Solidarity Contracting and Appellant were billed for such work. However, neither Solidarity Contracting nor Appellant (hereinafter referred to as "Construction Owner") paid Draftsman. As a result, Draftsman was forced to sue both Solidarity Contracting and Construction Owner. Draftsman specifically alleged violations of the Texas

4

Construction Trust Fund Act and fraud against Construction Owner. Cl.R. 3-9.[1]

Unfortunately, Draftsman encountered severe difficulty in serving Construction Owner. Draftsman initially attempted to personally serve Construction Owner in Harris County. Cl.R. 3-9, 11. Unfortunately, such efforts proved unsuccessful. After extensive investigation, Draftsman discovered why: Construction Owner fled to New Jersey, presumably to avoid paying his and his company's debts.[2] Construction Owner initially fled to Palisades Park, New Jersey, and Draftsman attempted to serve him with citation there. Cl.R. 12-19.

Draftsman's continued efforts at service proved unsuccessful. The reason: Construction Owner had moved again, this time to Pompton Plains, New Jersey. Cl.R. 21, 27. Accordingly, Draftsman subsequently amended his petition, and sought to have Construction Owner served there. Cl.R. 20-28.

The Texas Legislature has expressly addressed this situation: if a Texas resident flees to another state, the plaintiff is permitted to serve the Texas Secretary of State. The Texas Secretary of State is then required to forward

---

[1]Construction Owner's claim, "there is no basis for an award of any monetary damages against Ulusal in this case", Appellant's Brief, p. 21, is false.
[2]Considering his destination, Construction Owner was desperate indeed.

5

the citation to the fleeing resident's home address.  Tex. Civ. Prac. & Rem. Code §17.042(a)(3).  Accordingly, pursuant to statute, Draftsman served the Secretary of State.  The Secretary of State then forwarded the citation by registered mail to Construction Owner's address in New Jersey.  However, Construction Owner deliberately refused to claim his mail, and thus the petition and citation was returned unclaimed.  Cl.R. 40-41.

Both Solidarity Contracting and Construction Owner were properly served with the underlying lawsuit.  As a result, Draftsman requested entry of a default judgment, Cl.R. 42-45, which was set for a hearing.  At the hearing, Draftsman presented its business records, setting forth the amount which Solidarity Contracting and Construction Owner owed on the underlying contracts, Cl.R. 46-58, and an affidavit concerning attorney's fees.  Cl. 59-76. Finding service of process proper, and such evidence persuasive, the trial court granted default judgment against both Solidarity Contracting and Construction Owner, jointly and severally.  Cl.R. 80-82.  A certificate of last known address was filed, Supp. Cl.R.  After collection proceedings had commenced in New Jersey, Construction Owner filed this restricted appeal, attempting to relieve himself from his failure to claim his mail.[3]  Cl.R. 84-86. However, his complaints are not well taken.

---

[3]Solidarity Contracting is no longer in business, and thus, the judgment as to them is only worth the paper on which it is written.  Solidarity Contracting is not a party to this appeal.

# SUMMARY OF ARGUMENT

Construction Owner in this case sweeps forth allegations of error as if it were a farmer broadcasting seed. While he is permitted to assert as many points of error as warranted by the record, Construction Owner is required to support each and every allegation of error with sufficient citations to legal authority and references to the underlying record. While Construction Owner sufficiently supported some allegations of error with legal authority and citations to the record, several are not, resulting in waiver of such complaints.

Construction Owner claims that this Court should reward him because he failed to claim his certified mail from the Texas Secretary of State. The law should not reward those who seek to sabotage the wheels of justice by refusing to claim their certified mail. As a consequence, Construction Owner was properly served herein.

In his brief, Construction Owner repeatedly sets forth special exceptions to Draftsman's Second Amended Petition. But the test to determine the sufficiency of pleading to support a default judgment is not whether special exceptions can be asserted, but whether the defendant (if he had read the petition) would have received fair notice. In the case at bar, had he actually read Draftsman's Second Amended Petition, Construction Owner would have known he was being sued for failing to pay Draftsman, both for fraud and

7

pursuant to the Texas Construction Trust Act.

# ARGUMENT

## CONSTRUCTION OWNER HAS FAILED TO SUFFICIENTLY BRIEF ALL CONTENTIONS

This Court will not write an appellant's brief. Beard v. Beard, 49 S.W.3d 40, 67 (Tex. App.-Waco 2001, pet. denied). Accordingly, it is well settled that if an error exists, the appellant must place his finger on it. Seawell v. Lowery, 16 Tex. 48, 50 (1856). "A party asserting error on appeal bears the burden of showing that the record supports the contentions raised and of specifying the place in the record where matters complained of or relied upon are shown." Baucom v. Crews, 819 S.W.2d 628, 631 (Tex. App.--Waco 1991, no writ); see also, Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied). This is especially true when complaints about lack of evidence are involved. As the Waco Court of Appeals has explained:

> A brief asserting legal or factual insufficiency of the evidence is helpful when it focuses our attention on the disputed issues, specifies each element of the crime or cause of action, and specifies which element lacks evidentiary support. The brief should contain a discussion of the relevant evidence and why that evidence is not sufficient.
>
> For a legal sufficiency issue, the evidence that will

most likely be argued as supporting the element must be discussed and analyzed in accordance with relevant case law and our standard of review. If it is a factual sufficiency challenge, a summary of each witness' testimony or other evidence relevant to the specific element being challenged should be contained in the brief with an analysis of the standard . . . . General references to the record and invitations to review the testimony of a particular witness are inadequate.

Turner v. State, 4 S.W.3d 74, 80-81 (Tex. App.--Waco 1999, no p.d.r.). If the brief fails to contain such references, then any alleged error is waived. Saudi v. Brieven, 176 S.W.3d 108, 120 (Tex. App.--Houston [1st Dist.] 2004, pet. denied).

Additionally, every appellant's brief must contain sufficient citations to legal authority. Tex. R. App. P. 38. But merely claiming error and then citing a single legal authority fails to satisfy this burden. Instead, such legal authority must set forth the standard of review, Stooksbury v. State, 2009 WL 2883518 at 5 (Tex. App.--Waco 2009, p.d.r. ref'd), contain a sufficient discussion of the applicable law, Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., supra, and set forth how such applicable law should be applied to the case at bar (and warrants reversal). Republic Underwriters Ins. Co. v. Mex–Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004). Without *all* such elements, the appellant's brief is insufficient and the point of error alleged is waived. See, e.g., Howeth Investments, Inc. v. City of Hedwig Village, 259 S.W.3d

877, 902 (Tex. App.--Houston [1st Dist.] 2008, pet. denied); <u>Boehm v. State</u>,

2003 WL 22453802 at 5 (Tex. App.--Houston [14th Dist.] 2003, p.d.r. ref'd).

In the case at bar, Construction Owner has adequately briefed some of his contentions.  However, in his brief, he has repeatedly failed to adequately brief numerous contentions:

- ➢ Construction Owner's due process rights were violated because he did not receive actual notice of the lawsuit (Appellant's Brief, p. 11)--no citation to the record, and no citation to legal authority;

- ➢ Defect in return renders service improper (Appellant's Brief, p. 12)--no citation to the record;

- ➢ In order for his pleadings to be effective, Draftsman was required to state the precise date when Construction Owner moved to New Jersey (Appellant's Brief, p. 15)--no citation to authority;

- ➢ Failure to plead trustee status deprives the district court of jurisdiction (Appellant's Brief, p. 17)--no citation to legal authority;

- ➢ Failure to adequately allege all elements of fraud deprives the district court of jurisdiction (Appellant's Brief, p. 17)--no citation to record and no citation to legal authority;

- ➢ Draftsman failed to adequately plead entitle-ment to attorney's fees for contract and fraud (Appellant's Brief, pp. 18-19)--no citation to the record;

➤ Draftsman's petition failed to comply with fair notice standard (Appellant's Brief, p. 20)--no discussion of what constitutes "fair notice" under Texas law, and how such standard should be applied herein;

➤ Draftsman failed to adequately prove damages (Appellant's Brief, pp. 20-21)--no references to record, actual assertion of error unclear, no reference to legal authority.

Accordingly, all such contentions should be considered waived. Republic Underwriters, Ins. Co. v. Mex–Tex, Inc., supra; Howeth Investments, Inc. v. City of Hedwig Village, supra.

"To avoid the waste of judicial resources, resources paid for by the taxpayers, briefs must comply with the rules of appellate procedure." White v. State, 50 S.W.3d 31, 53 (Tex. App.--Waco 2001, p.d.r. ref'd)(Gray, J., con.). In the case at bar, Construction Owner is repeatedly requesting this Court address complicated issues involving the sufficiency of pleadings to support a default judgment, and the damages recoverable for fraud and the violation of the Texas Construction Trust Fund Act. Appellant's Brief, pp. 11-21. Yet, Construction Owner is expecting this Court to decide such complicated issues in a vacuum, without adequate references to the factual record herein, and without providing adequate legal authority on which such decisions can be premised. Accordingly, such complicated issues should be considered waived, this Court should not write Construction Owner's brief.

11

# SERVICE OF PROCESS WAS PROPER

[A] Citation Proper If Defendant Reasonably Served

Admittedly, service of process requires strict compliance. However (and contrary to Construction Owner's assertion), strict compliance does not require obeisance to the minutest detail. Herbert v. Greater Gulf Coast Enterprises, Inc., 915 S.W.2d 866, 871 (Tex. App.--Houston [1st Dist.] 1995, no writ). Accordingly, as long as the record shows, with reasonable certainty, that the citation was served on the defendant in the suit, service of process will not be invalidated. LEJ Development Corp. v. Southwest Bank, 407 S.W.3d 863, 866 (Tex. App.--Fort Worth 2013, no pet.). Accordingly, the type of errors cited by Construction Owner in his brief generally do not invalidate service. See, e.g., Williams v. Williams, 150 S.W.3d 436, 443–44 (Tex. App.--Austin 2004, pet. denied)(omission of petitioner's name from citation not fatal where no confusion about whether the correct party was actually served); Regalado v. State, 934 S.W.2d 852, 854 (Tex. App.--Corpus Christi 1996, no writ)(hand written notation "c/o Maria Regalado" on the return of the citation did not invalidate service where record showed, with reasonable certainty, that the citation was served on the defendant in the suit); Ortiz v. Avante Villa at Corpus Christi, Inc., 926 S.W.2d 608, 613 (Tex. App.--Corpus Christi 1996, writ denied)(the omission of the accent mark and

the substitution of the symbol "@" for the word "at" are akin to the errors that do not invalidate service).

[B] Construction Owner Should Not Be Rewarded for Refusing his Mail

As previously noted, the record is clear: the Texas Secretary of State sent Draftsman's petition to Construction Owner at his New Jersey home address by certified mail. However, Construction Owner refused to visit his local post office and claim his mail. Cl.R. 41. Construction Owner claims that his refusal to travel to the post office and claim his certified mail should be rewarded by setting aside the trial court's default judgment. Cl.R. 80-82. However, Texas law is clear on this point: an out of state defendant will not be rewarded for his refusal to claim his certified mail.

By fleeing Texas after Draftsman's claims arose, pursuant to statute, Construction Owner appointed the Texas Secretary of State as his agent for service of process. Consequently, Draftsman could perfect service by delivery of the citation to the Secretary of State. Tex. Civ. Prac. & Rem. Code §17.044(a)(3). Furthermore, pursuant to statute, the Texas Secretary of State forwarded Draftsman's petition and citation to Construction Owner in New Jersey. The Secretary of State's certificate notes the citation and petition were returned to it with the notation, "Return to Sender, Unclaimed, Unable to forward.". Cl.R. 41. The conclusion is obvious: the petition and citation

were sent to Construction Owner's correct address, Construction Owner refused to claim his mail, and the such mail could not be forwarded because the address was correct.

In the absence of fraud, the Secretary of State's certificate is conclusive. Capitol Brick, Inc. v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex. 1986). Nothing in the record indicates that Draftsman engaged in any fraud, and Construction Owner has failed to claim so herein.[4]  Because Draftsman complied with the statute, *service of process was proper, **even though Construction Owner failed to claim his mail***.  Dole v. LSREF2 APEX 2, LLC, 425 S.W.3d 617, 624 (Tex. App.--Dallas 2014, no pet.)("A nonresident's refusal or failure to claim certified mail from the Secretary of State, as reflected by the notation "unclaimed," does not deprive the court of jurisdiction obtained under the long arm statute. . . .  Therefore, we conclude that the return of the citations marked "unclaimed" does not render the service fatally defective."); Southwest Const. Receivables, Ltd. v. Regions Bank, 162 S.W.3d 859, 865 (Tex. App.--Texarkana 2005, pet. denied); Salas v. Chris Christensen Systems, Inc., 2011 WL 4089999 at 9 (Tex. App.--Waco 2011, no pet.); Glynn Corp. v. Precept Business Products, Inc., 1999 WL 403028 at 2 (Tex.

---

[4]Interestingly, Construction Owner has violated Tex. R. App. P. 38.1(a) by failing to provide Construction Owner's address in his brief.  The inference from such omission is that his address is 75 Jackson Ave., Pompton Plains, New Jersey 07444, the same address as the address the Texas Secretary of State sent the petition and citation.

14

App.--Dallas 1999, no writ); <u>Zuyus v. No'Mis Communications, Inc.</u>, 930 S.W.2d 743, 746-47 (Tex. App.--Corpus Christi 1996, no writ)("We hold that Zuyus's failure to claim the certified letter did not deprive the trial court of personal jurisdiction over him."); <u>Labor Force, Inc. v. Hunter, Farris & Co.</u>, 601 S.W.2d 146, 146-47 (Tex. App.--Houston [14th Dist.] 1980, no writ).[5]

Besides being consistent with established law, such result is clearly correct, both practically and conceptionally. From a practical standpoint, constructive notice of a document can be imputed based on a person's refusal to claim certified mail, and Construction Owner should not entitled to thwart the judicial process by refusing certified mail. <u>In re Madeiros</u>, 2001 WL 1411564 at 2 (Tex. App.--San Antonio 2001, no pet.). From a conceptional standpoint, it is well settled that notice to an agent provides constructive notice to his principal. <u>Fireman's Fund Indem. Co. v. Boyle General Tire Co.</u>, 392 S.W.2d 352, 356 (Tex. 1965). In the case at bar, pursuant to statute, the Secretary of State was Construction Owner's agent. Tex. Civ. Prac. & Rem. Code §17.044(a)(3). The Secretary of State was clearly served with process in this matter. Cl.R. 40. Accordingly, regardless of whether

---

[5]Furthermore, Construction Owner's claims that his due process rights were violated by the absence of actual notice, in addition to being inadequately briefed, Appellant's Brief, p. 11., are completely devoid of merit. Due process only guarantees reasonable *attempts* at notice, not **actual** notice. <u>Dusenbery v. United States</u>, 534 U.S. 161, 170, 122 S.Ct. 694, 696, 151 L.Ed.2d 597 (2002). The Texas Secretary of State made a reasonable attempt at notice, an attempt which would have provided actual notice had Construction Owner went to this local post office.

Construction Owner picks up his mail, he is charged with constructive notice of the citation, because his agent received it.  Id.

Construction Owner's sole authority supporting his claim that he can avoid service by refusing to claim his mail, <u>GMR Gymnastics Sales, Inc. v. Walz</u>, 117 S.W.3d 57 (Tex. App.--Fort Worth 2003, pet. denied) is readily distinguishable.  In *Walz*, the Secretary of State's certificate stated citation was "not deliverable as addressed".  This constituted evidence that the plaintiff had provided an incorrect address for service of process.  <u>Id.</u> at 59-60.  In the case at bar, the Secretary of State's certificate states, "Return to Sender, Unclaimed, Unable to forward.".  Cl.R. 41.  Nothing in the record before this Court indicates that the Secretary of State forwarded the petition and the citation to an incorrect address.  Accordingly, *Walz* possesses no application herein.

<u>[C] Corrected Citation Cannot Be Ignored</u>

Alternatively, Construction Owner claims that the trial court's default judgment is improper because Draftsman filed a corrected citation prior to seeking a default judgment.  Draftsman believes that such contention has not been adequately briefed, because Construction Owner failed to provide citations to the record where the correction occurred.  Appellant's Brief, p. 12.  But ignoring Construction Owner's failure to properly brief, service of process

16

was proper.

As an initial matter, the assumption behind Construction Owner's argument is that the sheriffs and constables who serve process are perfect, and such perfection can only be set aside by a determination of error by the trial court.  However, to err is human.  <u>Few v. State</u>, 230 S.W.3d 184, 187 (Tex. Cr. App. 2007).  Sheriffs, constables, and private process servers, along with the plaintiffs who are responsible for filing proper service, should be permitted to correct any errors in citation without court intervention, prior to entry of a default judgment; until the entry of a default judgment, no one has relied on the erroneous citation.  <u>See</u>, <u>Kubovy v. Cintas Corp.</u>, 2003 WL 21299938 (Tex. App.--Houston [1st Dist.] 2003, no pet.)(amended citation effective even though no court authorization for amendment).

Factually herein, Construction Owner is incorrect.  The Texas Rules of Civil Procedure provides that a citation can be corrected on terms and conditions that the trial court deems proper.  Tex. R. Civ. P. 118.  In the case at bar, the trial court sent notice of its intent to dismiss for want of prosecution, demanding that Draftsman take steps to finalize the litigation. Cl.R. 29.  In response, Draftsman filed a motion to retain, specifically citing the alleged error in the citation, and informing the trial court that attempts were made to correct it.  Cl. 34-36.  After a hearing, the trial court retained

the litigation on its docket, implicitly agreeing that such correction would be permitted. Cl.R. 39. Thus, the requisites of Tex. R. Civ. P. 118 were fulfilled.

Legally, Draftsman disputes Construction Owner's claim that an amended citation was necessary. As previously mentioned herein, as long as the record shows, with reasonable certainty, that the citation was served on the defendant in the suit, service of process will not be invalidated. LEJ Development Corp. v. Southwest Bank, supra; see, Dezso v. Harwood, 926 S.W.2d 371, 373 (Tex. App.--Austin 1996, writ denied). This principle applies to improper or misspelt names in the citation. See, e.g., Westcliffe, Inc. v. Bear Creek Construction, Ltd., 105 S.W.3d 286, 290 (Tex. App.--Dallas 2003, no pet.)(holding that omission of initial "D." from registered agent's name in return did not invalidate service); Payne & Keller Co. v. Word, 732 S.W.2d 38, 41 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.)(finding strict compliance with Rule 107 and no uncertainty that proper defendant was served where return described agent as "Philipee Petitfreere" and petition and citation described agent as "Philippe Petitfrere"); Popkowsi v. Gramza, 671 S.W.2d 915, 917-18 (Tex. App.--Houston [1st Dist.] 1984, no writ)(judgment upheld where there was dispute of fact whether handwritten return of service said "Michael Poprowski" or "Michael Popkowski"). In the case at bar, the Texas Secretary of State was being served as agent for

Construction Owner. While his name was inverted, such inversion is common, and did not cause confusion. Thus, citation herein was proper. Id.

## PLEADINGS WERE SUFFICIENT TO SUSTAIN DEFAULT

By claiming that Draftman's pleadings were insufficient to sustain the default judgment, Construction Owner is implicitly claiming that he read Plaintiff's Second Amended Petition, but could not determine that he was being sued. Having failed to claim his mail, Construction Owner's premise is false. Likewise, he has failed to sufficiently brief such issues; Construction Owner has failed to explain what the fair notice standard means, and why Draftsman's Second Amended Petition failed to satisfy it. Appellant's Brief, pp. 20-21. However, should this Court chose to ignore such an inauspicious beginning, it will find such arguments incorrect.

[A] Second Amended Petition Provides Fair Notice

All pleadings must provide fair notice. A pleading gives fair notice if an opposing attorney of reasonable competence, with pleadings before him, can ascertain the nature and basic issues of controversy and testimony probably relevant. Davis v. Quality Pest Control, 641 S.W.2d 324, 328 (Tex. App.-- Houston [14th Dist.] 1982, writ ref'd n.r.e.). In making this determination, pleadings are liberally construed. Taylor Publication Co. v. Systems

19

<u>Marketing Inc.</u>, 686 S.W.2d 213, 216 (Tex. App.--Dallas 1984, writ ref'd n.r.e.). As the Texas Supreme Court has explained:

> It is a general rule, so well established as to need no citation of authority, that the petition will be construed as favorably as possible for the pleader. The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated.

<u>Gulf, C. & S.F. Ry. Co. v. Bliss</u>, 368 S.W.2d 594, 599 (Tex. 1963).

"The present Rules of the Texas Civil Procedure expressly countenance more general allegations than formerly were permitted." <u>First Nat'l Bank of Irving v. Shockley</u>, 663 S.W.2d 685, 688 (Tex. App.--Corpus Christi 1983, no writ). Thus, while the pleading supporting a default judgment must provide fair notice, <u>Castleberry v. Goolsby Building Corp.</u>, 617 S.W.2d 665, 666 (Tex. 1981), "[i]n determining the sufficiency of a petition to support a default judgment . . . all averments as well as all reasonable intendments and inferences which can be gleaned from the petition must be indulged." <u>Odom v. Pinkston</u>, 193 S.W.2d 888, 890 (Tex. Civ. App.--Austin 1946, writ ref'd n.r.e.). A plaintiff is not required to plead all elements of a cause of action, and can utilize legal conclusions. <u>Chokas v. Donald</u>, 439 S.W.2d 870, 872 (Tex. Civ. App.--Fort Worth 1969, no writ). Likewise, the plaintiff is not required to plead or otherwise marshal all its evidence. <u>Onwukwe v. Ike</u>, 137

20

S.W.3d 159, 166 (Tex. App.--Houston [1st Dist.] 2004, no pet.); <u>Willock v.</u> <u>Bui</u>, 734 S.W.2d 390, 392 (Tex. App.--Houston [1st Dist.] 1987, no writ). The fact that the pleading may be subject to special exceptions does not undercut its support for a default judgment. <u>Paramount Pipe & Supply Co.,</u> <u>Inc. v. Muhr</u>, 749 S.W.2d 491, 494 (Tex. 1988).

In the case at bar, Construction Owner, had he actually read the pleadings, could have ascertained the nature and basic issues of controversy and testimony probably relevant. Draftsman's Second Amended Petition states as follows:

> Additionally, and/or alternatively, without waiving any of the foregoing, upon information and belief Defendant Solidarity and Defendant Ulusal received payments for work performed on a construction project under a construction contract for improvements to real property (the "Project") that qualify as trust funds under Section 162.001(a) of the Texas Property Code. Defendant Solidarity and Defendant Ulusal qualify as trustees of those trust funds as they both received and/or had control or direction of those trust funds as required under Section 162.002 of the Texas Property Code. Plaintiff is considered a beneficiary of the trust funds as it qualifies as a subcontractor who furnished labor and/or materials for the construction of an improvement to real property under Section 162.003 of the Texas Property Code. Defendant Solidarity and Defendant Ulusal have misapplied the trust funds by intentionally and knowingly, directly or indirectly, retaining, using, disbursing or otherwise diverting the trust funds without having first paid all current and past due obligations that Defendant Solidarity and/or Defend-

ant Ulusal incurred on the Project.

Defendant Solidarity and Defendant Ulusal are liable to Plaintiff for misapplication of these trust funds and for breach of their statutory duties to Plaintiff. Plaintiff seeks recovery of all trust funds wrongfully retained by Defendant Solidarity and Defendant Ulusal, plus exemplary damages for the breach of their statutory duties as to Plaintiff.

Additionally and/or alternatively, without waiving any of the foregoing, Plaintiff asserts a cause of action against Defendant Solidarity and Defendant Ulusal for fraud. Defendants made materially misrepresentations, including but not limited to misrepresenting Defendants' intention and ability to pay Plaintiff for Plaintiff's services. Such statements were false when made and Defendants knew such statements were false, or made such statements without knowledge of their truth and as a positive assertion. Defendants intended Plaintiff to rely on such statements. Plaintiff relied on such statements to Plaintiff's detriment. Plaintiff would not have entered into any agreement with Defendants but for such statements.

As a direct result of all of the foregoing, Plaintiff suffered damages in an amount in excess of the minimum jurisdictional limits of the Court, the exact amount of which will be proved at the time of trial. As a further result of Defendants' fraud, Plaintiff is entitled to exemplary damages.

Cl.R. 23-24. Because Construction Owner's trustee status was being clearly alleged, he should have inferred his owner, officer, or director status as required by the Texas Property Code. Tex. Prop. Code §166.002. Likewise, from reading the pleadings, Construction Owner could have determined that

22

Draftsman was alleging a well accepted ground of fraud, i.e. entering a contract without an intent to pay. Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc., 960 S.W.2d 41, 44 (Tex. 1998); Oliver v. Rogers, 976 S.W.2d 792, 804 (Tex. App.--Houston [1st Dist.] 1998, writ denied).

Contrary to Construction Owner's contention, the Texas' long arm statute does not jettison the fair notice pleading standard. Tex. Civ. Prac. & Rem. Code §17.042 is not a pleading statute; instead, it determines under what circumstances Texas will exercise personal jurisdiction over a defendant.[6] In the case at bar, personal jurisdiction over Construction Owner was never an issue; in addition to ordering and receiving the goods and services in Texas for use in Texas construction projects, Construction Owner resided in Texas at the time he contracted with Draftsman. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

[B] Petition Sufficient to Support Service of Process

Continuing with his implicit assumption that he read Draftsman's Second Amended Petition, Construction Owner claims that Draftsman's pleading was insufficient because it did not include the date *when* he fled

---

[6]Indeed, the express language of Tex. Civ. Prac. & Rem. Code §17.044 is irrelevant, as it is not exclusive, but instead authorizes the exercise of personal jurisdiction as far as federal due process will permit. U–Anchor Advertising, Inc. v. Burt, 553 S.W.2d 760, 762 (Tex. 1977).

23

Texas to avoid his debts. Again, no authority was cited to such contention. Appellant's Brief, p. 15. Furthermore, such argument is misplaced.

It is undisputed that Construction Owner was a resident of Harris County at the time his company entered into a contract with Draftsman. Likewise, Construction Owner was a Texas resident when he received trust funds, i.e. funds which were designed to pay Draftsman, but which he placed in his pocket instead. Cl.R. 4, 11. Furthermore, it is also undisputed that Construction Owner fled to New Jersey to avoid his debts. Cl.R. 13, 21, 41. The Texas Legislature has specifically provided that the Secretary of State is the registered agent for service of process in this circumstance:

> The secretary of state is an agent for service of process or complaint on a nonresident who . . . is not required to designate an agent for service in this state, but becomes a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction.

Tex. Civ. Prac. & Rem. Code §17.044(a)(3).

Admittedly, a plaintiff is required to plead his entitlement to substituted service. The purpose of such requirement is to permit the defendant to know the basis of substituted service. Blumenthal v. Ameritex Computer Corp., 646 S.W.2d 283, 286 (Tex. App.--Dallas 1983, no writ). Consequently, a plaintiff can satisfy this requirement by conclusorily pleading the statute. See, Huynh v. Nguyen, 180 S.W.3d 608, 619-20 (Tex. App.--Houston [14th Dist.] 2005,

24

no pet.); Perna v. Hogan, 162 S.W.3d 648, 652-53 (Tex. App.--Houston [14th Dist.] 2005, no pet.); El Puerto de Liverpool, S.A. de C.V. v. Servi Mundo Llantero S.A. de C.V., 82 S.W.3d 622, 629 (Tex. App.--Corpus Christi 2002, pet. dism'd w.o.j.).  In the case at bar, Draftsman pled as follows:

> LEVENT ULUSAL became a nonresident after Plaintiff's cause of action arose in this State but before Plaintiff filed suit and therefore may be served with process pursuant to Texas Civil Practice and Remedies Code §17.044(a)(3) by serving duplicate copies of the process on the Secretary of State for the State of Texas at 1019 Brazos, Austin, Texas 78701. The Secretary of State shall immediately mail by certified mail, return receipt requested a copy of the process to Levent Ulusal at his home address of 75 Jackson Ave., Pompton Plains, New Jersey 07444.

Cl.R. 21.  Clearly, such allegations informed Construction Owner the basis for substituted service.  Blumenthal v. Ameritex Computer Corp., supra.

Construction Owner does not complain that Tex. Civ. Prac. & Rem. Code §17.044(a)(3) is factually inapplicable.  Rather, he claims he did not receive sufficient notice because Draftsman did not plead the specific date when Construction Owner fled Texas for New Jersey.  But Draftsman did plead the time frame required by the statute: "LEVENT ULUSAL became a nonresident after Plaintiff's cause of action arose in this State but before Plaintiff filed suit."  Cl.R. 21.

Furthermore, Construction Owner's requirement that a plaintiff allege a

specific date when the defendant leaves Texas is completely unworkable and unrealistic. Construction Owner possesses a constitutional right to migration, Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 901-02, 106 S.Ct. 2317, 2319, 90 L.Ed.2d 899 (1986), and utilized such right herein to avoid paying his debts. Obviously, under such circumstances, he would not inform Draftsman of his travel plans, and draftsman would and could not know. Thus, Draftsman could not realistically plead such date. Cf., Land Title Co. of Dallas, Inc. v. F.M. Stigler, Inc., 609 S.W.2d 754, 756 (Tex. 1980)(burden of pleading). Rather, it should be sufficient for a litigant to plead residency and relocation, as such facts provide a defendant sufficient basis to know why substituted service was utilized. Tex. Civ. Prac. & Rem. Code §17.044(a)(3).

[C] Request for Attorney's Fees Adequately Pled

In addition to claiming lack of fair notice (both as to Draftsman's claims and why substituted service was authorized), Construction Owner claims that Draftsman failed to request attorney's fees against him, or pled a statutory basis for their award. Construction Owner is incorrect on both accounts.

As previously mentioned, a pleading is sufficient and will support a default judgment when it provides fair notice. Castleberry v. Goolsby Building Corp., supra. With regard to attorney's fees, such fees must be

sought. <u>Whallon v. City of Houston</u>, 462 S.W.3d 146, 165 (Tex. App.--Houston [1st Dist.] 2015, no pet.). But, and contrary to Construction Owner's claim, *a plaintiff is not required to plead the statute which authorizes such an award*. Rather it is sufficient to plead facts which would justify an award. <u>Bancservices Group, Inc. v. Strunk & Associates, L.P.</u>, 2005 WL 2674985 at 6 (Tex. App.--Houston [14th Dist.] 2005, pet. denied); <u>Mitchell v. LaFlamme</u>, 60 S.W.3d 123, 130 (Tex. App.--Houston [14th Dist.] 2000, no pet.).

In the case at bar, Draftsman specifically invoked Tex. Civ. Prac. & Rem Code §38.001, which authorizes the award of attorney's fees. Cl.R. 25. Furthermore (and contrary to Construction Owner's assertion), Texas' Construction Trust Fund Act authorizes the award of attorney's fees. <u>Direct Value, L.L.C. v. Stock Bldg. Supply, L.L.C.</u>, 388 S.W.3d 386, 393 (Tex. App.--Amarillo 2012, no pet.); <u>Perry & Perry Builders, Inc. v. Galvan</u>, 2003 WL 21705248 at 10 (Tex. App.--Austin 2003, no pet.). Finally, Draftsman sought exemplary damages with regard to his fraud cause of action, Cl.R. 25, and attorney's fees can be awarded as exemplary damages. <u>Transfer Product, Inc., v. Tex Par Energy, Inc.</u>, 788 S.W.2d 713, 717 (Tex. App.--Corpus Christi 1990, no writ); <u>King v. Acker</u>, 725 S.W.2d 750, 756-57 (Tex. App.--Houston [1st Dist.] 1987, no writ).

Construction Owner is also incorrect with regard to lack of a specific

pleading. In its prayer, Draftsman specifically requested the following relief:

> 5. Judgment against Defendants, jointly and severally, for reasonable and necessary attorneys' fees, the exact amount of which will be shown at the time of trial.

Cl.R. 26. The law is well settled that a request for attorney's fees contained in a pleading's prayer, without more, is sufficient to authorize such an award of attorney's fees. Smith v. Hawkins, 2010 WL 3718546 at 7 (Tex. App.--Houston [1st Dist.] 2010, pet. denied); Hardin v. Hardin, 161 S.W.3d 14, 23-24 (Tex. App.--Houston [14th Dist.] 2004, vac. pur. sett'l); Vincent v. Vincent, 2003 WL 21770814 at 4 (Tex. App.--Fort Worth 2003, no pet.); Morgan v. Morgan, 657 S.W.2d 484, 491 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd); Trial v. McCoy, 581 S.W.2d 792, 795 (Tex. Civ. App.--El Paso 1979, no writ). "A general request for attorney's fees in the prayer of the pleading is itself sufficient to authorize the award of attorney's fees." Tull v. Tull, 159 S.W.3d 758, 762 (Tex. App.–Dallas 2005, no pet.). Accordingly, Draftsman's pleadings sought attorney's fees sufficiently.

## Damages Were Properly Awarded

As damages, Draftsman sought the unpaid balance owing and attorney's fees, Cl.R. 46-58, and the trial court awarded such amounts. Cl.R. 80-82. In a last ditch effort to obtain a new trial, Construction Owner claims

that such evidence is insufficient. But as with numerous other contentions, Construction Owner has failed to properly brief such contention, and thus they are waived. Appellant's Brief, pp. 20-21. But even if this Court chooses to address such contention, it will find them without merit.

Unless damages are liquidated, a trial court must determine damages, which requires a plaintiff to present evidence at a default judgment hearing. As conceded herein by Construction Owner, the Texas Supreme Court has authorized use of affidavit as evidence at a default judgment hearing. Texas Commerce Bank, N.A. v. New, 3 S.W.3d 515 (Tex. 1999). In the case at bar, Draftsman complied with such requirement by presenting its business records reflecting the amounts owed, Cl.R. 46-58, and the affidavit of its attorney as to attorney's fees. Cl. 59-76. The trial court found such evidence persuasive, and awarded damages consistent with such evidence. Cl.R. 80-82. Despite this, Construction Owner apparently argues that the wrong measure of damages was utilized.

When the plaintiff proves fraud, it is entitled to all damages resulting directly and naturally from the misconduct. Scott v. Sebree, 986 S.W.2d 364, 371 (Tex. App.--Austin 1999, writ denied). "[The] measure of damages in a fraud case is the actual amount of the plaintiff's loss that directly and proximately results from the defendant's fraudulent conduct." Tilton v.

<u>Marshall</u>, 925 S.W.2d 672, 680 (Tex. 1996). In the context of contractual fraud, the measure of damages is generally the amount due and owing on the underlying contract. <u>See</u>, <u>Sharpe v. Kilcoyne</u>, 962 S.W.2d 697, 703 (Tex. App.--Fort Worth 1998, no writ). Likewise, under the Texas Property Code, the amount owing under a contract constitutes a proper measure of damages. <u>Direct Value, L.L.C. v. Stock Bldg. Supply, L.L.C.</u>, 388 S.W.3d at 395. Accordingly, Construction Owner's contentions are misplaced.

# CONCLUSION AND PRAYER

While clearly not as serious, Construction Owner is clearly reminiscent of the youth who shoots his parents and then demands mercy because he is an orphan. Construction Owner essentially stole from Draftsman by refusing to pay its bills, and then fleeing to New Jersey to avoid his debts. While hiding in New Jersey, he then attempted to thwart justice by refusing to claim his certified mail. Cl.R. 41. Now that is he facing collection proceedings in New Jersey, Construction Owner is now asking for mercy, because his efforts to avoid his debts did not work out like he planned. However, mercy is misplaced herein.

WHEREFORE, PREMISES CONSIDERED, **LENTZ ENGINEER-ING, L.C.**, **Appellee** in the above styled and numbered cause, respectfully prays that the judgment of the trial court be affirmed, and for all other and

30

further relief, either at law or in equity, to which Appellee shows itself justly entitled.

Respectfully submitted,

**TIMOTHY R. PLOCH**
State Bar No. 16073280
**LINDA M. TALBOT**
State Bar No. 00788504
**TIMOTHY R. PLOCH, P.C.**
730 North Post Oak Rd., Suite 100
Houston, Texas  77024
(713) 862-4300
(713) 862-7575 (Telecopier)
lawplochstaff@flash.net

**LIVESAY LAW OFFICE**
BRAZOS SUITES NO. 9
517 Nolana
McAllen, Texas  78504
(956) 928-0149
RGVAppellateLaw@yandex.com

/s/ KEITH C. LIVESAY
**KEITH C. LIVESAY**
State Bar No. 12437100

ATTORNEYS FOR APPELLEE,
LENTZ ENGINEERING, L.C.

# CERTIFICATE OF COMPLIANCE

I, **KEITH C. LIVESAY**, do hereby certify that the above and foregoing brief was prepared utilizing Word 2007, with font 14 point, and contains 6878 words.

/s/ KEITH C. LIVESAY
**KEITH C. LIVESAY**

# CERTIFICATE OF SERVICE

I, **KEITH C. LIVESAY**, do hereby certify that I have caused to be delivered by certified mail, regular mail, fax delivery, and/or electronic delivery, a true and correct copy of the above and foregoing document to Appellant's Counsel of Record, Daniel Kistler, 17041 El Camino Real, Suite 204, Houston, Texas 77058 on this the 11th day of November, 2015.

/s/ KEITH C. LIVESAY
**KEITH C. LIVESAY**